THE SUNDAY LAKE MINING COMPANY, Respondent, vs. WAKEFIELD and others, Appellants.

*September 3 — September 18, 1888.*

*Equity: Relief against forfeiture of lease for nonpayment of rent: Breaches of other covenants: Insolvency of lessee: Jurisdiction: Land situated in another state.*

1. Where an agreement is simply one for the payment of money, a forfeiture of land, chattels, or money incurred by nonperformance will be relieved against unless the defaulting party, by his inequitable conduct, has debarred himself from such relief, or the special circumstances show that relief should not be granted.

2. Though the right of re-entry is reserved only for the breach of one covenant in a lease, breaches of other covenants may be considered in determining whether relief against the forfeiture should be granted.

3. In an action for relief against the forfeiture of a mining lease for nonpayment of rent, the answer alleged that the lessees had failed to furnish monthly statements of the ore mined, as required by the lease; that they had committed waste; that they were insolvent; and that the property was in danger of being dismembered or destroyed by the creditors and unpaid workmen for the purpose of securing their debts. *Held*, on demurrer, that all these matters were proper to be considered in determining whether relief should be granted.

4. Courts of this state, having jurisdiction of the parties, can relieve against the forfeiture of a lease of mining property in another state for nonpayment of rent, although they cannot restore the property to the possession of the lessee.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to obtain relief from the forfeiture of a mining lease and to regain possession of the property. The facts stated in the complaint as the ground of the relief asked, and the substance of the answer so far as it is material on this appeal, will sufficiently appear from the opinion.

The plaintiff demurred to the first part of the answer (specifying the folios thereof which contained the part demurred to) on the ground that it did not state facts sufficient to constitute a defense. It also demurred on the same ground to each of three additional or further defenses contained in the answer. The four parts of the answer thus separately demurred to comprised the whole thereof. It was, however, stipulated by the parties that the demurrers should " be considered and decided as not covering or applying to the general denial in the answer, but referring to all other parts of it except the last defense."

Upon the hearing of the demurrer the defendants objected to the sufficiency of the complaint. The court ordered that the demurrer be " overruled so far. as the plaintiff's complaint is concerned, that being held sufficient, and sustained as to that part of the defendants' answer following the general denial in the first sentence thereof and preceding the last separate defense therein pleaded." The defendants appealed from such order.

For the appellants there were briefs by *Van Dyke & Van Dyke*, and oral argument by *G. D. Van Dyke.* They argued, among other things: 1. The complaint is insufficient, because the circuit court had not jurisdiction of the subject of the action. The action seeks to reinstate a forfeited lease and to recover possession of demised premises situate in Michigan. It is, so to speak, an equitable ejectment affecting directly the title and possession of the premises in question. Story on Conflict of Laws, secs. 543–545; 3 Pomeroy's Eq. Jur. sec. 1318; *Ford v. Ford,* 70 Wis. 68; *Van*

*Steenwyck v. Washburn,* 59 id. 511; *Pickett v. Ferguson,* 8 S. W. Rep. (Tenn.), 386–8. 2. The complaint does not state facts sufficient to constitute a cause of action. Equity will not relieve against a forfeiture incurred by the nonpayment of money at the day when, as here, the time of payment is made essential by the express terms of the lease and by the nature of the contract and its subject matter. *Gowan v. Christie,* L. R. 2 Scotch App. 273; *Appeal of Duff,* 14 Atl. Rep. 364; *Tyley v. Moyers,* 43 Pa. St. 404; *Jennisons v. Leonard,* 21 Wall. 302; Pomeroy on Contracts, secs. 383–4, 389, 390, 401–2; *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 592; *Macbryde v. Weekes,* 22 Beav. 533; *Christie's Appeal,* 85 Pa. St. 463; 1 Pomeroy's Eq. Jur. sec. 455; 2 Story's Eq. Jur. (13th ed.), sec. 1321, note (c), subd. 5; *Klein v. Ins. Co.* 104 U. S. 88; *Thompson v. Ins. Co.* id. 252, 258, 260; *Ewald v. N. W. Mut. L. Ins. Co.* 60 Wis. 431; *Benedict v. Lynch,* 1 Johns. Ch. 370–375. The nonpayment of the royalty was wilful and persistent; and against a wilful breach of covenant equity will not relieve. *Elliott v. Turner,* 13 Sim. Ch. 477; 1 Pomeroy's Eq. Jur. secs. 452, 455; 2 Story's Eq. Jur. secs. 1321, 1323; *Eaton v. Lyon,* 3 Ves. Jr. 692; *Hill v. Barclay,* 18 id. 62, 63; *Reynolds v. Pitt,* 19 id. 134; *S. C.* 2 Price, 212, note; *Rolfe v. Harris,* id. 206; *Gregory v. Wilson,* 9 Hare, 689; *Conner v. Welch,* 51 Wis. 440. Equity will not relieve against a forfeiture incurred by breach of a covenant other than that in respect to the payment of rent, because no exact and certain compensation for the breach can be made. *Elliott v. Turner,* 13 Sim. Ch. 477; *Bowser v. Colby,* 1 Hare, Ch. 109; 2 Story's Eq. Jur. sec. 1321; Taylor on Landl. & T. sec. 496; 2 L. C. in Eq. (White & Tudor), part II, 2027–2037. Equity will not ordinarily relieve against such breaches, except in case of fraud, accident, or mistake; and the facts disclosed by the complaint do not constitute such a case. Financial embarrassment or insolvency, instead of entitling the plaintiff to relief, is an-

other reason why the lease should not be reinstated. *Dunklee v. Adams*, 20 Vt. 415; *Neale v. Mackenzie*, 1 Keen, 474; *Buckland v. Hall*, 8 Ves. Jr. 92; *Price v. Assheton*, 1 Younge & C. 441. 3. Those portions of the answer the demurrer to which was sustained contain proper matter of defense.

For the respondent there were briefs by *Turner & Timlin*, attorneys, and *Silverthorn, Hurley, Ryan & Jones*, of counsel, and oral argument by *W. H. Timlin*. They contended, *inter alia*, that the circuit court had jurisdiction of the action, the parties residing in this state and the contract having been made here, although the land in question is situated in Michigan. · The relief asked arises out of matters of contract, and trust relations exist between the parties. 1 Vernon, 75, 135; *Toller v. Carteret*, 2 id. 494; *Muller v. Dows*, 94 U. S. 444; *Gardner v. Ogden*, 22 N. Y. 327; *Ward v. Arredondo*, Hopkins Ch. 213; *Newton v. Bronson*, 13 N. Y. 587; *Watts v. Waddle*, 6 Pet. 389; *Wilson v. Sherman*, 1 Blatch. 537; *Tardy v. Morgan*, 3 McLean, 358; *Lyman v. Lyman*, 2 Paine, 46; *Wood v. Warner*, 15 N. J. Eq. 81; *Bailey v. Rider*, 10 N. Y. 363; *Hawley v. James*, 7 Paige, 213; *Massie v. Watts*, 6 Cranch, 148; *Dale v. Roosevelt*, 5 Johns. Ch. 174; *Williams v. Fitzhugh*, 37 N. Y. 444; *Penn v. Lord Baltimore*, 2 L. C. in Eq. 923, and notes; *Phelps v. McDonald*, 99 U. S. 298; *Dehon v. Foster*, 4 Allen, 550; 3 Pomeroy's Eq. Jur. sec. 1318. The decree, though affecting lands outside of the jurisdiction, would confer an equitable title sufficient to defeat an action of ejectment by the party against whom it was rendered, or to sustain an equitable action against him in the *locus rei sitæ*. *Burnley v. Stevenson*, 24 Ohio St. 474; *People ex rel. Allen v. Allen*, 105 N. Y. 628; *Caldwell v. Carrington's Heirs*, 9 Peters, 86; Herman on Estoppel, 617; *Yost v. Devault*, 9 Iowa, 60; *Sutphen v. Fowler*, 9 Paige, 280; *Penn v. Haywood*, 14 Ohio St. 302; *Embry v. Palmer*, 107 U. S. 3; *Cleveland v. Burrill*, 25 Barb. 532; *Newton v. Bronson*, 13

N. Y. 587; *Brown v. Desmond*, 100 Mass. 267; *Davis v. Parker*, 14 Allen, 94; *Pingree v. Coffin*, 12 Gray, 304; *Massie v. Watts*, 6 Cranch, 148; *Dupasseur·v. Rochereau*, 21 Wall. 130; *Tallman v. McCarty*, 11 Wis. 400. A covenant for which no right of entry is reserved in the lease cannot be taken advantage of in the forfeiture, but the remedy is by action on the covenant. Taylor's Landl. & T. (8th ed.), sec. 291, and cases cited in note 2; Wood's Landl. & T. sec. 506; *Vanatta v. Brewer*, 32 N. J. Eq. 268; *Brown's Adm'r v. Bragg*, 22 Ind. 122; *Miller v. Havens*, 51 Mich. 485.

COLE, C. J.    The demurrer to the answer, though special in form, must be treated as a general demurrer. It is conceded that it reaches back to the complaint, and raises the question as to its sufficiency as a pleading. This is evidently the view of its effect taken by the court below, for the order appealed from states that the complaint is held sufficient, but the demurrer is sustained as to that part of the answer following the general denial and preceding the last separate defense therein pleaded.

The action is brought to obtain relief from the forfeiture of a mining lease upon default in the payment of the rent reserved by the lease at the time specified. The default is admitted in the complaint. But as a ground for equitable relief from the forfeiture it is alleged that the plaintiff company entered into possession of the premises under the lease for the purpose of mining iron ore; sunk shafts; made excavations at great expense; erected sheds, buildings, tramways, supports, hoisting apparatus, and other improvements and machinery necessary and convenient in operating a mine; and developed a valuable mine at great expense, in such a manner that the improvements, engines, and machinery placed upon the premises, exclusive of the mine, were of the value of $20,000; that the value of the lease-

hold interest in the premises, exclusive of the improvements, is upwards of $200,000; that the stock of the corporation is widely distributed among more than 150 stockholders in different states. The complaint further alleges payment of rent, and performance of all the covenants of the lease except the payment of the rent for the months of August, September, October, and November, 1887; admits failure to furnish the monthly sworn statements for these months of the iron ore removed, as required by the lease, but states that before the defendants entered into possession a tender was made of all rent due and in arrears, and offers to furnish the sworn statement of all ores mined or removed from the premises during the months it was in default. These are the material allegations upon which the equities of the plaintiff to be relieved from the forfeiture incurred by failure to pay the rent when due must rest.

If these were all the facts to be considered, it well might be held that they present a case for the interference of a court of equity to aid the plaintiff by relieving it from the forfeiture and setting it aside. The doctrine seems to be quite well settled that where the agreement is simply one for the payment of money, and the forfeiture of either land or chattels or money is incurred by nonperformance, the forfeiture will be relieved against, unless the defaulting party, by his inequitable conduct, has debarred himself from such relief, or the special circumstances show that the relief should not be granted. See cases cited in the note to *Smith v. Mariner*, 68 Am. Dec. 85. Says a learned author: Where the lease contains a condition that the lessor may re-enter — as the lease before us does — and put an end to the lessee's estate, or even that the lease shall be void upon the lessee's failure to pay the rent at the time specified, a court of equity will relieve the lessee, and set aside the forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant.

1 Pom. Eq. Jur. § 453, and authorities cited in the note. It would seem eminently just to enforce this doctrine in view of the provision in the Michigan statute, which gives the tenant in default for nonpayment of rent an opportunity to pay the same and retain possession after a judgment of restitution has been rendered in favor of the landlord; the same as the statute of this state. 2 How. Ann. Stats. Mich. § 8308; and sec. 3371, R. S. of Wis.

But it is claimed the matters set up in the answer show that the plaintiff should not be relieved against the forfeiture incurred. It is alleged, in effect, that the plaintiff failed to perform other covenants in the lease than that in respect to the payment of the rent; that it neglected to make the monthly statements of the ore mined and removed from the premises during the months of September and October, 1887, although demanded; that in the month of August, 1887, it became insolvent, and continues so, unable to pay the wages of the miners and workmen employed about the mine; that on the re-entry of the defendants upon the demised premises these wages remained unpaid, and the workmen threatened and were about to stop the pumps of the mine, and flood it, and do other great and irreparable damage to the mine and improvements; that one of the defendants, on behalf of himself and the other owners of the mine, was obliged to guaranty a large amount of the claims of the unpaid workmen, and has purchased such claims to the amount of $7,000; that in the month of November, 1887, prior to the time of the defendants' re-entry, a large number of attachments had been issued out of the circuit court of Gogebic county and other courts in the state of Michigan, in actions therein pending against the plaintiff, and had been levied, together with executions, upon the improvements and property of the plaintiff at said mine, some of which, as between the plaintiff and defendants, as they are advised, would be deemed fixtures and ap-

purtenant to the mine; and that by said levy and sale and removal thereunder of such improvements and fixtures the rights and interests of the defendants in the demised premises were greatly jeopardized and impaired. It is further charged that the plaintiff cut timber, or permitted it to be cut, on the premises, contrary to the terms of the lease, and committed waste thereon; that on the 5th of November, 1887, the plaintiff remaining wholly insolvent, and the rent remaining unpaid, and the written statements of the amount of ore mined and removed during the months of August, September, and October not having been furnished, and the demised premises being threatened with great and irreparable injury by the unpaid miners and workmen, and by attaching and execution creditors of the plaintiff seeking to dismember said mining property, the defendants served notice demanding the immediate possession of the demised premises, and subsequently obtained possession of the same.

Should the evidence sustain these allegations of the answer, it is very doubtful whether equity would relieve against the forfeiture; for, if the plaintiff has broken other covenants besides the one for rent; has committed waste upon the premises by cutting timber which it had no right to cut; if it is insolvent, or so pecuniarily embarrassed that it could not raise means to operate the mine, pay its workmen, or protect the property from being dismembered or jeopardized by the claims of its creditors,— would it be equitable to remove the forfeiture and restore the lease? It is plain that to do so would endanger the collection of the rent and the mining property. If the plaintiff is insolvent, what security have the defendants that the rent will be paid in future, or that the property will be protected against waste and destruction? Surely their rights will be endangered, if these facts are true, by restoring the plaintiff to the possession of the property; certainly, unless security is required for the performance of the covenants of

the lease. The principle is laid down in some of the cases that where other covenants have been broken besides the one for rent, and against which no relief can be given in equity, a forfeiture for breach of the condition concerning rent will not in such case be relieved against, as such relief would be of no effect. *Nokes v. Gibbon*, 3 Drew. 693; *Bowser v. Colby*, 1 Hare, 109; *Home v. Thompson*, Sausso & S. 615. As observed by appellants' counsel, embarrassments or insolvency materially affect the ability of the plaintiff not only to pay the rent but to perform other covenants of the lease. While it may be true that the right of re-entry does not extend to all breaches of the covenants, yet the court can properly consider them when asked to grant relief. "A court of equity, when asked by a lessee to grant him relief, will consider the conduct of the lessee in dealing with the property, whether that conduct does or not involve a breach of covenant." *Bowser v. Colby, supra.* It was clearly the intention of the parties that the mine should be effectually worked during the term, and, to secure this end, the clause is added that the lessee shall mine at least 10,000 gross tons each and every year after January, 1884; and in case that quantity is not mined the lessee agrees to pay the rent or royalty on that amount. Of course, it is the duty of a court of equity to see that no injustice is done to the landlord by its decree; and it would be most inequitable, as it appears to us, to restore the plaintiff to its former position, if the matters stated in the answer are true, without some security that the landlord's rights will not be prejudiced and that the lessee will perform the covenants of the lease. Assume that the forfeiture for the nonpayment of rent should be relieved against, still there is the neglect to furnish the sworn statements of the quantity of ore removed, on the first Monday of each month; and this default seems to be without any justifiable excuse. The lease, as modified, is so very plain upon that point

that there is no reasonable ground for mistake in the matter. There is also the charge that timber was cut on the premises which was not necessary for mining operations nor authorized by the lease; that the property is in danger of being dismembered or destroyed by the creditors or workmen of the plaintiff for the purpose of securing their debts; that the plaintiff is wholly insolvent. All these matters are proper to be considered by a court of equity before granting relief from the forfeiture.

We shall not consider the other matters stated in the answer by way of defense to the relief asked, as that the plaintiff company failed to comply with the laws of this state in not having its capital stock subscribed and paid in; nor whether it complied with the laws of Michigan relating to mining corporations. As at present advised, we see nothing in these facts, even if true, which should prevent equity from removing the forfeiture, if otherwise it. would be equitable to do so.

As to the question of jurisdiction, it is apparent that the courts of this state could not, in any event, restore the plaintiff to the possession of the mining property, which is in Michigan. The plaintiff would have to apply to the courts of that state for that relief. But there is no doubt but that the courts of this state, having jurisdiction of the parties, could remove the forfeiture for nonpayment of rent. In doing this it would be acting upon the parties, and could enforce that relief.

*By the Court.*—The order of the circuit court sustaining the demurrer to the answer is reversed, and the cause remanded for further proceedings according to law.