WILLIAM H. OSTENBERG, JR., APPELLANT, V. SCOTTSBLUFF INVESTMENT COMPANY, APPELLEE.

FILED MAY 6, 1921. No. 21786.

1. **Landlord and Tenant: FORFEITURE: RELIEF IN EQUITY.** Equity has power to relieve against a forfeiture of a lease for the non-payment of rent on the day stipulated, and such power should be exercised when the circumstances are such as to call for the exercise of equitable principles, and where, if withheld, gross injustice will follow, when the failure to pay the rent was not wilful or such culpable neglect as to amount to the same thing.

2. ———: ———: ———. Where, by the terms of a five-year lease, $1,800 is paid in the beginning as a payment to be applied on the last year's rent, with the further provision that $160 should be paid on a day certain each succeeding month thereafter for four years, and $120 for the first month of the fifth year, at which time payment of rent was to cease, it being understood that the monthly instalments of rent, together with the $1,800, would be full payment for the entire period, with the further provision that, in case the lessee breached the covenant of the lease with respect to payment of the rent when due, the lessor could terminate the lease, and in that event the $1,800 cash advanced was to be forfeited to the landlord, *held* that, on a breach of the covenant to pay a monthly instalment when due, equity will relieve against the enforcement of such penalty.

3. ———: ———: REMEDIES. The remedy created by sections 8466, 8467, Rev. St. 1913, does not in any way limit the power of a court of equity.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE. *Reversed.*

*Morrow & Morrow,* for appellant.

*Wright, Mothersead & York,* contra.

DAY, J.

This is an action in equity to enjoin the defendant from prosecuting an action of forcible entry and detainer instituted by the latter to regain possession of certain demised premises for the nonpayment of rent. A demurrer was filed on the ground that "said petition does not state facts sufficient to constitute a cause of action." The demurrer was sustained, and, plaintiff electing to stand on his petition, the cause was dismissed. From this judgment the plaintiff appeals. The sole question we are to decide is whether a cause of action is stated in the petition.

The petition is quite lengthy, and, as no useful purpose will be subserved by setting it out in terms, we will content ourselves with a brief statement of the substance of such portions as will serve to make clear the precise point in controversy.

It appears that the plaintiff and the defendant are, respectively, the successors of the rights of the original lessee and lessor in the transaction. It further appears that on February 11, 1917, the defendant's grantor, who at that time was the owner of the premises in controversy, by a written lease, demised the premises to the plaintiff's assignor for a period of five years commencing February 11, 1917, and terminating February 10, 1922. The consideration to be paid was $9,600, payable as follows: $1,800 in cash upon the execution of the lease, and the sum of $160 on February 11, 1917, and a like sum on the 11th day of each succeeding month thereafter up to, and including, January 11, 1921, and the sum of $120 on February 11, 1921, at which time the payment of rent was to cease. It was the intention of the parties that the monthly instalments of rent, together with the $1,800 cash payment, would constitute the entire rental for the full

period of the lease.   The lease contained a provision that, if the lessee failed, neglected, or refused to fulfil or keep any of the covenants of the lease, the lessor had the right at his option to declare the lease at an end, and in such case the lessee agreed to yield up peaceable possession of the premises, and the sum of $1,800 advanced in payment of the last instalment of rent was to be forfeited to the lessor.   It is alleged that since the defendant became the owner of the premises the rent has not at all times been punctually paid, but that the defendant received and accepted the same without objection or protest, and thereby waived the strict performance of the covenants of the lease in that respect.   It is also alleged that on July 20, 1920, the plaintiff mailed to the defendant his check for $160 in payment of the rent due and payable on July 11, and again in like manner on August 17 his check for $160 in payment of the rent due and payable on August 11; that plaintiff discovered that the two checks above mentioned had never been cashed, and thereupon spoke to one of the defendant's officers about it, who replied that he would "look into the matter and straighten it up;" that on September 16 the plaintiff again mailed his check to the defendant for $160 in payment of the rent due September 11, 1920.   On September 17 the defendant served notice on the plaintiff that it had elected to declare the lease at an end, giving as a reason therefor the failure of the plaintiff to make the payments of the instalments of rent due July 11, August 11, and September 11, and on the same day served a notice on the plaintiff to quit the premises, stating in the notice that, if the plaintiff failed to comply therewith within 3 days, legal proceedings would be commenced to obtain possession of the premises. On September 18 the defendant returned to the plaintiff his check of September 16.   On receiving the notice to quit, the plaintiff immediately tendered to the defendant the entire amount of rent in arrears, which the defendant refused to accept.   It is further alleged that the defendant has commenced an action of forcible entry and detainer

against the plaintiff; that at no time has defendant ever made demand for the rent or returned or offered to return the $1,800 cash paid in the beginning, or any part thereof; that the plaintiff has spent large sums in furnishing and fitting the premises for conducting therein a moving picture theatre, and that it is impossible to secure another location; that the enforcement of the forfeiture will impose upon the plaintiff great and irreparable injury, for which he has no adequate remedy at law. The plaintiff offers to do equity and prays the intervention of the equity power of the court to prevent a forfeiture of the lease.

From the foregoing allegations of the petition it clearly appears that the defendant predicates his right to forfeit the lease upon the sole ground of the failure of the plaintiff to pay the rent upon the stipulated day. It may well be doubted whether the defendant could be heard to complain that the rent for the months of July and August was not paid. The petition alleges that checks were mailed to the defendant in payment of the rent for these months and presumably they were received by it. If the defendant received these checks and retained them without objection or protest, it would now be estopped to claim that the payment was not made on the day appointed. This objection, however, would not apply to the September rent.

It is a well-settled rule that a court of equity has power to relieve against a forfeiture of the term of a lease for the nonpayment of rent on the day stipulated. This is usually placed upon the ground that the condition of forfeiture is intended as a mere security, and that when the landlord has received his rent, and interest, and costs, he has received all he is entitled to under his contract. The power, however, is not exercised except where the circumstances are such as to call for the exercise of equitable principles, and the relief is not ordinarily granted when the failure to pay the rent is wilful or the result of such culpable neglect as to amount to the same thing.

In 1 Pomeroy, Equity Jurisprudence (4th ed.) sec. 453,

the rule is stated thus: "Where a lease contains a condition that the lessor may reenter and put an end to the lessee's estate, or even that the lease shall be void, upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and dispossessed the tenant. This rule is based upon the notion that such condition and forfeiture are intended merely as a security for the payment of money."

The same principle is announced in 16 R. C. L. 1146, sec. 666; 2 Tiffany, Landlord and Tenant, 1412, sec. 194, subd. 3; *Wylie v. Kirby,* 115 Md. 282; *Sunday Lake Mining Co. v. Wakefield,* 72 Wis. 204; *Shriro v. Paganucci,* 113 Me. 213; *Creamery Dairy Co. v. Electric Park Co.,* 138 S. W. (Tex. Civ. App.) 1106.

The case at bar, in its facts, presents a much stronger case for equitable relief than those where the term of the lease alone is sought to be forfeited for the nonpayment of rent. Here the landlord is not only seeking to terminate the leasehold, but also seeks to appropriate the $1,800 cash which becomes forfeited to him by the terms of the lease. This is clearly a penalty against which equity always grants relief.

In 3 Story, Equity Jurisprudence (14th ed.) sec. 1728, it is said: "Where a penalty or forfeiture is designed merely as a security to enforce the principal obligation, it is as much against conscience to allow any party to pervert it to a different and oppressive purpose as it would be to allow him to substitute another for the principal obligation. The whole system of equity jurisprudence proceeds upon the ground that a party having a legal right shall not be permitted to avail himself of it for the purposes of injustice, or fraud, or oppression, or harsh and vindictive injury."

But it is urged by the defendant that the forfeiture of the lease is a right given, not only by the terms of the lease, but is expressly authorized by sections 8466, 8467,

Rev. St. 1913, wherein it is provided that an action of forcible entry and detainer may be maintained whenever the tenant is holding over his term, and that he would be deemed to be holding over the term "whenever he has failed, neglected, or refused to pay the rent or any part thereof when the same became due," and it is argued that a court of equity will not interfere with one who is pursuing a purely statutory right.

Ordinarily it is true that a court of equity will not interfere with a statutory remedy, and yet one can easily imagine a situation where, even as against a statutory remedy, equity will grant relief. It must also be borne in mind that the statute itself does not forfeit a lease for the nonpayment of rent. The clear purpose of the act was to provide a speedy remedy to the landlord to regain possession of his premises when his tenant was holding over his term, or when the tenant had failed, neglected, or refused to pay the rent. It gives the landlord the right to terminate the tenancy, but does not require him to do so. It was not the intention of the legislature by this act to in any wise limit the power of a court of equity to grant relief when the circumstances were such that it ought to be exercised.

As before stated, the defendant is not only seeking to terminate the leasehold, but also to avail itself of the $1,800 cash deposit which, by the terms of the lease, becomes forfeited to the landlord in case of a breach of the covenants of the lease. This is clearly a penalty against which equity should grant relief.

Upon the plainest principles of justice and equity, it would seem an unconscionable rule which would permit a forfeiture of the lease which carried with it the forfeiture of the $1,800 cash payment, as is sought to be done by the defendant, and the law as a science would be unworthy of the name if it confessed itself powerless to afford relief in such a situation.

On the record presented we are unanimous in the view that the case is one calling for the exercise of equitable

relief.    The plaintiff is without an adequate remedy at law to save himself from the penalty of his contract and his appeal to equity is properly made.   He should be required to do equity by paying the arrears of rent with interest.   In this proceeding each party should bear his own costs.

The judgment of the lower court is reversed and the cause remanded for further proceeding in accordance with this opinion.

REVERSED.