THOMAS J. REED & *als. versus* ABRAHAM REED, JR.

A tenancy at will is determined by the death of the lessor, and the lessee thereupon becomes tenant at sufferance; and is not entitled to notice to quit.

The owner of the fee may enter at any time and put an end to the holding of a tenant at sufferance, or he may maintain his action of ejectment without notice.

WRIT OF ENTRY. Upon the facts in the case, as stated by the parties, GOODENOW, J., presiding at *Nisi Prius*, was of the opinion that the plaintiff's action was maintainable. The defendant thereupon consented to a default, to be taken off, if, in the opinion of the full Court, the plaintiffs were not entitled to recover, upon the statement of the facts admitted by the parties.

The case was argued by

*Walton*, for plaintiffs, and by

*W. W. & S. A. Bolster*, for the defendant.

The material facts sufficiently appear from the opinion of the Court, which was drawn up by

APPLETON, J. — This is a writ of entry. The defendant entered upon the demanded premises as the tenant at will of Lewis Reed, who deceased in June, 1858. The demandants, it is admitted, are the heirs at law of said Reed.

The tenancy at will was determined by the death of the lessor. *Ferrin* v. *Kenney*, 10 Met., 294; *Rising* v. *Stannard*, 17 Mass., 282. The defendant, thereupon, became tenant at sufferance. That relation has not been changed. As such, he is a mere holder without right, and not entitled to notice to quit. His original entry was lawful, but his right to longer hold the premises was at an end. The owner of the fee may enter at any time and put an end to his holding, or he may maintain his action of ejectment, without notice. *Kelley* v. *Waite*, 12 Met., 300; *Kinsley* v. *Ames*, 2 Met., 29; *Hollis* v.

*Pool*, 3 Met., 350; *Robie* v. *Smith*, 21 Maine, 114; *Benedict* v. *Morse*, 10 Met., 223; *Hildreth* v. *Conant*, 10 Met., 298.

*The default to stand.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.