## JAMES CUNNINGHAM *versus* ALBERT HOLTON.

A tenancy at will may be inferred from the payment and acceptance of rent.

The estate of a tenancy at will is not assignable.

The landlord may, on rent day, enter upon the premises held by a tenant at will, and demand payment of the rent; and, if not paid, he may hold them as forfeited for non-payment of the rent.

The defendant leased by parol his store, for three years, from April 1, 1865, rent payable quarterly. In September following, the lessee assigned his interest to the plaintiff, who, in the succeeding November, assigned to F., who, in February following, re-assigned to the plaintiff, who thereupon re-entered and continued in possession until the 10th of April following, when the defendant broke in and took possession. On the 18th of the last named month, the defendant sued the plaintiff in assumpsit for rent from October next preceding, and up to the time of the breaking, which the plaintiff soon after paid. In trespass *quare clausum* for the breaking and holding the plaintiff out; — *Held*, that instead of ordering a nonsuit, the presiding Judge should have submitted the question of tenancy to the jury.

ON EXCEPTIONS.

The case is stated in the opinion.

*A. W. Paine,* for the defendant.

1. Plaintiff was not defendant's lessee. He was sub-tenant without defendant's knowledge and assent, and was never recognized as his tenant by defendant. Plaintiff paid nothing until fourteen days after he was ejected. Defendant claimed the lessee as the only responsible tenant. The

suit, after eviction, cannot be construed into an assent. Taylor on Landlord and Tenant, § 497; *Doe* v. *Meux*, 2 Har. Dig., 3603.

2. Plaintiff had forfeited his term, if he had any right as tenant, by non-payment of rent April 1, 1866, and defendant entered and claimed forfeiture April 10.

Independent of the statute, a verbal lease is equally binding as a written one. Stat. of Frauds might prevent the operation of the contract to its full extent as an executory matter, where damages are sought for non-performance, which is not the case at bar.

The mere fact of the tenancy being under a verbal agreement does not necessarily lead to the conclusion that it is a tenancy at will. A tenancy at will may be by written lease, and a tenancy for years may be by parol. The verbal term for years, *may*, by the act of the parties, be converted into a tenancy at will. R. S., c. 73, § 10. If either party seeks to violate his verbal term of years, he can do so, and make it at will if the other acquiesces; but, if he does not so seek, the term for years will be continued and enjoyed, and the rights of the parties adjudged accordingly. It is the same with all agreements which are void by statute of frauds. A parol agreement to convey land on certain conditions is void. But, if the grantor actually make and deliver his deed, and the grantee accept it, the latter is not only bound to pay the price verbally agreed upon, but both parties are bound by the verbal agreement as to terms and times of payment.

R. S., c. 73, § 10, is akin to statute of frauds, and is liable to a similar construction. It avoids the attempt to create an estate in lands by parol greater than an estate at will. It does not create a tenancy at will when the parties did not so intend, but, if the estate undertaken to be created is " greater than an estate at will," it withholds its aid in protecting and maturing such an estate; instead of changing its nature, it merely ignores the estate altogether. After one party has taken advantage of the statute and avoided

Cunningham *v.* Holton.

the agreement, and the other has consented to the new state of things, their rights will be then judged according to the new status, resulting from the new and implied agreement.

. The original agreement was for five years, at $120 per year, payable quarterly, and the ·law imposed the condition of not underletting. Either could abrogate. If not, they must strictly observe it. If lessee would enjoy the right of remaining, he must personally occupy, and pay as agreed in amount and time. Each must abide by his agreement in order to have the benefit of performance on the other side. The language of the statute means, that no estate in lands greater than an estate·at will can be created by parol,— if the attempt is made the act is void, but estate is not reduced to one at will, — it is reduced to nothing and the party has no right further to remain in possession. *Cruch* v. *Crockett*, 5 Cush., 133; *Hollis* v. *Perl*, 3 Met., 350.

APPLETON, C. J.— This is an action of trespass *quare clausum*. It appeared in evidence that, in March, 1865, the defendant leased by parol the store in controversy for three years. The rent was to commence April 1, and was payable quarterly. In August or September following, Patten, the lessee assigned his interest to the plaintiff, who occupied to November, when he sold out to one Freeman. Freeman remained in possession until February, when he re-sold his right to the plaintiff who entered and continued in possession up to April 10th, when the defendant broke in and took possession, which is the trespass complained of. The rent for the two first quarters was paid by Patten. The rent due January 1st was paid by Freeman. A few days before the first of April, the defendant came into the store, which the plaintiff was then occupying, and asked him if he was going to pay the rent of the store. The plaintiff inquired if the rent was then due, and defendant replied it was not. The plaintiff then told the defendant that he expected to pay the rent when it became due. The defend-

ant then informed the plaintiff that he had leased the store for five years from April 1st and should expect him to quit the premises.

On 18th April, the defendant sued the plaintiff for the use and occupation of the store from Jan. 1, 1866, to April 10, which the defendant paid on the 24th. Upon these facts the presiding Justice ordered a nonsuit, and the question arises as to the correctness of such order.

It is conceded that Patten was a tenant at will of the defendant. A tenancy at will is an estate which simply confers a right to the possession of the premises leased for such indefinite period as both parties shall determine such possession shall continue. The estate may arise by implication as well as by express words. The payment and acceptance of rent are facts from which the existence of such tenancy may be inferred. As Freeman paid rent at the quarter day it was due, the defendant, by receiving it from him, must be considered as regarding him as a tenant.

As a tenancy at will is determinable at any time, the tenant has no certain and indefeasible estate which he can assign or grant to any other person. *Austin* v. *Thompson*, 45 N. H., 117. "Therefore, if a tenant at will assigns over his estate to another, who enters upon the land, he is a disseizor, and the landlord may have an action of trespass against him." 1 Cruise's Dig., 244, title 19, c. 1, § 7; *Cooper* v. *Adams*, 6 Cush., 87. The plaintiff, consequently, by his purchase of Freeman, acquired no rights as against the defendant. If Freeman was a tenant at will, he determined his estate by his own act. The plaintiff being in as a disseizor the tenant might enter upon him as upon any other person, who, without right had taken possession of his lands. So, he might waive the tort and accept him as his tenant.

The defendant sued the plaintiff for rent up to the date of his entry, which the latter paid. The action for use and occupation cannot be maintained except upon an express or implied promise. It must appear that the defendant recognized the title of the landlord and occupied under it. *Rog-*

*ers* v. *Libby*, 35 Maine, 200; *Howe* v. *Russell*, 41 Maine, 446. Assumpsit for use and occupation will not lie when the relation of landlord and tenant does not exist. *Porter* v. *Hooper*, 11 Maine, 170. It is competent, however, for parties to waive the tort, and, if waived, the owner may maintain assumpsit for use and occupation. *Curtis* v. *Treat*, 11 Maine, 525. By bringing in assumpsit for use and occupation, in connection with the other evidence, the tenant would seem to' have negatived the fact that the possession of the plaintiff was tortious, — and that he had a right to enter upon him as a disseizor.

The plaintiff cannot be regarded as a tenant at sufferance, for such tenancy is an interest arising when one comes into possession by a lawful title otherwise than by act of law, but retains such possession longer than he has any right. Besides, at common law, no action can be maintained against a tenant at sufferance for rent, "because it was the folly of the owners to suffer them to continue in possession after the determination of the preceding suit." 1 Cruise's Dig., 250. *Flood* v. *Flood*, 1 Allen, 217. But by paying and receiving rent for the time the tenant holds over, the tenant at sufferance becomes a tenant at will. Ib. 1 Washburn on Real Estate, 393.

By bringing a suit for use and occupation, the defendant assumed that the plaintiff was his tenant, and as such, bound by express or implied promise to pay rent. The only tenancy under the facts as proved, was a tenancy at will.

If there was such a tenancy and the rent was due quarterly, the landlord might have entered on the 1st April and demanded rent, and, if not paid, he might have held the premises as forfeited for non-payment of rent. *Jewell* v. *Berry*, 20 N. H., 37; *McMurphy* v. *Minot*, 4 N. H., 251. But the tenancy was not terminated by such entry. The landlord neither entered nor demanded rent on that day. He suffered the tenant to enter on a new quarter.

By R. S., 1863, c. 199, "all tenancies at will may be determined by either party by thirty days notice, in writing,

for that purpose, given to the other party, *and not otherwise*, except by mutual consent, and excepting cases where the tenant is liable to pay rent and no rent is due at the time the notice expires; and no further notice shall be required to entitle the landlord to the process of forcible entry and detainer." No notice whatever has been given under this statute.

The rent was payable quarterly and was due April 1. The entry was made April 10. In the absence of express stipulation it is a general rule of the common law, that, if a tenant hold from year to year, notice must be given ending with the year of the tenancy; if the hiring be a quarterly, a monthly, or a weekly hiring, the notice must be a notice to quit at the expiration of the current quarter, month or week; and, if it breaks in the middle of the quarter, month or week, it is not a good notice to quit. *Baker* v. *Adams*, 5 Cush., 99; *Sanford* v. *Harvey*, 11 Cush., 93; *Prescott* v. *Elms*, 7 Cush., 346.

The defendant never gave the written notice required by statute. He did not enter to demand rent when due, or to claim for a forfeiture if the same was not paid. He is not shown to have determined the tenancy, which his own writ indicates as existing. He elected to consider the plaintiff as his tenant. *Larrabee* v. *Lumbert*, 34 Maine, 79. He is therefore a trespasser. *Brock* v. *Berry*, 31 Maine, 293.

Further, the defendant is shown to have leased the premises prior to April 1st. In that case, he would have no right to enter. If the tenancy was terminated by such lease, the right to enter would belong to his tenant and not to him.

There was evidence tending to show that the plaintiff was tenant at will, which should have been submitted to the jury.      *Nonsuit taken off.* — *Case to stand for trial.*

KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.
WALTON, J., concurred in the result.