LOUIS SHRIRO, et al., *vs.* SILVIO PAGANUCCI.

Kennebec.    Opinion March 23, 1915.

*Equity.   Forcible Entry and Detainer.   Forfeiture.   Lease.   Powers to Relieve. Rent.   R. S., Chap. 96, Sec. 1.*

In an action of forcible entry and detainer, the question presented was whether the defendant should have been ousted for non-payment of rent under the terms of the lease which provides that "the lessor may enter to view and make improvements, and to expel the lessee if he shall fail to pay the rent aforesaid, whether said rent be demanded or not."

*Held:*

1.   That it is well settled that equity will relieve against forfeiture for non-payment of rent, when, under the circumstances, it would be inequitable, and full compensation can be made for the tenant's default by payment of the rent due and damages.

2.   When a tenant has forfeited his lease by a breach of the covenant for the payment of rent, the courts of law and equity, considering the clause of reentry to be inserted principally for the landlord's security, will interfere in the tenant's behalf, although all the formalities of a common law demand on the part of the landlord may have been complied with, upon the tenants satisfying the rent due and making compensation for damages, which the landlord may have sustained by the breach.

3. A court of equity will relieve the tenant from a forfeiture when the breach is the result of accident or mistake, or where it has been incurred by neglecting to pay a sum of money, the interest upon which can be calculated with certainty and the landlord thereby compensated for the inconvenience he may have sustained by the tenants withholding payment.
4. That this court, as a court of law, has the power in the case at bar, and like cases, to grant relief, is sanctioned by unchallenged authority.
5. This court has the power to stay proceedings in support of an equitable defense, and the Superior Court for Kennebec County had the same power. That such power should have been exercised by the court below does not admit of doubt.

On exceptions by defendant. Exceptions sustained.

This is an action of forcible entry and detainer, commenced in the Municipal Court of Waterville. In this court, judgment was rendered for the plaintiff. The defendant appealed from said judgment to the Superior Court for Kennebec County. The case was heard by the Superior Court upon an agreed statement of facts, with the right of appeal reserved. The judgment of the court below was affirmed and the defendant excepted to said ruling.

The case is stated in the opinion.

*F. K. Shaw, and P. A. Smith,* for plaintiff.

*Pattangall & Plumstead,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

HANSON, J. This is an action of forcible entry and detainer, commenced in the Municipal Court of Waterville where judgment was rendered for the plaintiff. The defendant appealed to the Superior Court for the County of Kennebec, and the case is before the Law Court upon exceptions to the ruling of the Judge of the Superior Court affirming the judgment of the Municipal Court of Waterville.

The defendant was occupying plaintiff's store, under a lease dated June 3, 1909. His rights under the lease would expire June 1, 1914. Rent was due and payable on the first day of each month. On January 1st, 1914, a month's rent was due and unpaid, but on January 3rd the plaintiff received the defendant's check for the rent, as had been the custom previously on a rent day, and on the 5th day of the month returned the same to the defendant and thereupon brought this action. Tender of the rent due was again made in the Municipal

Court, and a brief statement was filed setting out payment of the rent on the 2nd day of January. Judgment was rendered against the defendant, who sought and procured an injunction which was in a short time dissolved, the defendant was ousted, and the plaintiffs have occupied the store ever since. An agreed statement upon which the ruling of the court was based is filed with the case giving the foregoing information substantially as stated.

The question presented is whether the defendant should have been so ousted for non-payment of rent under the terms of the lease which provides that "the lessor may enter to view and make improvements, and to expel the lessee if he shall fail to pay the rent aforesaid whether said rent be demanded or not."

The plaintiffs contend 1, that there was a forfeiture completed at the expiration of the first day of January, and that it was too late to make a tender after forfeiture has been completed, even if the check had been a legal tender; 2, that the courts below have no equity powers which they could exercise under the facts as set forth in the agreed statement; 3, that equity will not relieve a tenant from forfeiture when there is a clear right to said forfeiture, and the exercise of that right is sought in a regular and proper manner; 4, and then only in case of accident or mistake; 5, and finally that equitable relief should not be had in this case because such relief in a court of law is the exception and not the rule.

The defendant contends "that the forfeiture clause in the lease was to secure the payment of the rent, and that under such circumstances as are disclosed here courts universally grant relief from technical forfeiture, and that courts of law as well as courts of equity may relieve from forfeiture."

As to the principal contention we may say that it is well settled that equity will relieve against forfeiture for non-payment of rent where under the circumstances it would be inequitable, and full compensation can be made for the tenant's default, by payment of the rent due and damages, 24 Cyc., 1364, and the same authority supports the claim of the defendant that relief may be granted by a court of law as well as by a court of equity, page 1365, citing *Atkins* v. *Chisholm*, 11 Metcalf, 112.

Other authority of no less repute restates the rule, established so long ago that the date of its origin is in doubt, the wisdom and justice of which, have been appreciated by all courts since the formation of

our laws,—as follows: "when a tenant has forfeited his lease by a breach of the covenant for the payment of rent, the courts of law and equity, considering the clause of reentry to be inserted principally for the landlord's security, will interfere in the tenant's behalf although all the formalities of a common law demand on the part of the landlord may have been complied with, upon the tenants satisfying the rent due and making compensation for damages which the landlord may have sustained by the breach." Taylor's Landlord and Tenant 9th Ed., Vol. 2, Sec. 495. And that author lays down anew the general rule that a court of equity will relieve the tenant from a forfeiture where the breach is the result of accident or mistake, or where it has been incurred by neglecting to pay a sum of money, the interest upon which can be calculated with certainty, and the landlord there-. by compensated for the inconvenience he may have sustained by the tenants withholding payment. Id., Sec. 495, and cases cited.

The construction of the lease in this case requires no guidance aside from our own rule that like any other contract it is to be construed with reference to the intent of the parties, as gathered from all parts of the instrument, and the object and purposes of the transaction. *Briggs* v. *Chase*, 105 Maine, 319.

The relation of landlord and tenant had subsisted for four years and six months under the lease in question. The parties had been friendly, and the payment of rent had been regular and as on the date in question, always by check, a means of payment not then or now questioned as to certainty of payment. In the last months of a long contract as shown by the pleadings, a delay of less than thirty-six hours occurred in the payment of rent and on that account alone we are asked to affirm the judgment of the Superior Court, thus declaring in effect a forfeiture in this case.

It is not clear for what purpose the injunction was issued, what it accomplished, or why it was dissolved; but it is clear that the case warranted equitable relief. The equitable remedy having been abandoned, the defendant now seeks relief from forfeiture by raising an equitable defense in the pending suit at law.

That he may so defend and show that he is entitled to relief, and that this court as a court of law, has the power in the case at bar, and like cases, to grant relief, as has been seen, is sanctioned by unchallenged authority.

In *Atkins* v. *Chisholm*, 11 Metcalf, 112, a leading case, cited widely with approval, the court had under consideration a writ of entry to recover possession of a lot of land formerly leased by the demandant to the tenant for a term of years not then expired. The action was founded on an alleged breach of a condition in the lease, by the non-payment of rent, and a clause of entry thereupon reserved by the demandant in the lease.

The tenant incurred the forfeiture of his term by tendering a quarter's rent, through mistake a day or two before it was due and omitting to pay it on the quarter day. The lessor had refused to receive the rent for several previous quarters and had an action pending against the lessee to recover the demised premises on the ground of the forfeiture by non-payment of the aforesaid quarter's rent. Failing in that the lessor brought the writ of entry to recover the premises on the ground of the last forfeiture by non-payment. The court held, "that the proceedings in the last action should be stayed, on the lessees paying to the lessor, or bringing into court for his acceptance, the full amount of the rent in arrear, and with interest thereon and costs." It was there claimed that courts of common law had not the power to grant relief in such cases. This claim was met with the assertion "that the authorities cited by counsel for the tenant abundantly show that in many cases, and for a long period of time, the courts of common law in England have exercised such a power by granting relief in support of equitable defenses "for the easier, speedier and better advancement of justice," without turning the party over to a court of equity. . . . . But the rule more directly in point is that long since adopted by the courts in England, in ejectment, on a clause of reentry for non-payment of rent, as in the present case. So long since as the year 1837 Lee, C. J., remarked in the case of *Archer* v. *Snapp*, Andr., 341, that before the St. of 4 Geo. 11 the court of the King's Bench had exercised a discretionary power of restraining the lessor from proceeding for forfeiture, in case of non-payment of rent "by compelling him to take the money really due him." How long before courts of law had exercised that power is uncertain, and is not material. . . . "We have no doubt, therefore, of the power of this court to stay proceedings in support of an equitable defense. And if we have such power, that it ought to be exercised in this case, no one, we think, can doubt."

We think further citation of authority unnecessary to support the claim that this court has the power to stay proceedings in support of an equitable defense, and that the Superior Court for the County of Kennebec had the same power. That such power should have been exercised by the court below does not admit of doubt. The condition disclosed here has existed many times in the past, and will as certainly occur again. In the rapid development of business and the onward rush of events, it is to be expected that men will occasionally overlook a rent day, as they will overlook the minor affairs of life. In these omissions of duty the law does not supply an excuse, but does afford an opportunity for the delinquent to make amends, and at the same time lends assistance to the lessor in collecting his due under the security clause in his lease.

The entry will be,

*Exceptions sustained.*