FREMONT H. BENNETT ET AL *vs.* DOMINIQUE J. CASAVANT.

Androscoggin.    Opinion May 5, 1930.

*Berman and Berman*, for plaintiffs.
*Frank A. Morey*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ.   PHILBROOK, A. R. J.

DUNN, J.   This is an action of forcible entry and detainer
against a disseizor who has not acquired any claim by possession
and improvement. R. S., Chap. 99, Sec. 1. The action was begun
in the Lewiston Municipal Court. Plea, not guilty, with brief state-
ment of title. The case was removed to the Superior Court in
Androscoggin county, R. S., Chap. 99, Sec. 6; Laws of 1929, Chap.
141.

In the Superior Court, plaintiffs had judgment, and defendant
saved an exception.

A devisee of real estate for life with power of disposal, in dis-
regard of testamentary condition that, on exercising the power,
certain persons should have priority to purchase, contracted to

convey the real estate, not to those persons, but to the defendant, who entered into possession of the property.

While defendant was in possession, his vendor leased the realty to the plaintiffs.

Upon that, this defendant, as plaintiff, sued for specific performance, naming the vendor and these plaintiffs, and them only, defendants.

Specific performance was denied.

The decree denying specific performance was on the ground that, for want of parties, rights under the provision of the aforesaid devise could not be determined.

In that suit there was finding that the lease had not been executed in good faith, but was a subterfuge to accomplish the early eviction of the present defendant. That finding became evidence in the trial of the case at bar.

The finding did not annul the lease. As between the lessor and the lessees, the lease remains valid.

It does not appear, in the record certified to this court, that defendant had any contractual right to occupy the premises, enforceable against an alienee with full knowledge. *Handy* v. *Rice*, 98 Me., 504.

The agreement to convey to the defendant, for anything shown to the contrary, was a personal obligation, and conveyed no interest in the land. *Cook* v. *Walker*, 70 Me., 232.

The rights of a vendee, in possession under such an agreement, are similar to those of a tenant at will. *Lapham* v. *Norton*, 71 Me., 83, 88; *Look* v. *Norton*, 94 Me., 547; *Harlow* v. *Pulsifer*, 122 Me., 472, 476.

Defendant had no right of occupancy which the giving of a lease by his vendor would not terminate. *Groustra* v. *Bourges*, 141 Mass., 7.

The ruling by the trial court, that the lease to the plaintiffs put an end to the right of the defendant to occupy the demanded premises, was free from reversible error. See *Seavey* v. *Cloudman*, 90 Me., 536; See too, dictum in *Karahalies* v. *Dukais*, 108 Me., 527.

*Exception overruled.*