Eva M. Rancourt *vs*. Pearl B. Nichols.

Cumberland.    Opinion, March 16, 1943.

*Gould & Shackley*, by *C. H. Shackley*, for the plaintiff.

*Elton H. Thompson*,

*Walter F. Murrell*, for the defendant.

Sitting: Sturgis, C.J., Thaxter, Hudson, Manser, Murchie, Chapman, JJ.

MURCHIE, J. This case comes to the Court on exceptions by the defendant to a decision in the Superior Court on process of forcible entry and detainer. The writ issued from the Municipal Court for the City of Portland on May 12, 1942, returnable a week later, and was there determined notwithstanding a plea, offered by way of brief statement accompanying the general issue, that title to the premises was "in question" and that a bill in equity was pending in the Supreme Judicial Court to determine the rights of the parties under a contract for the sale thereof from the defendant's landlord to the plaintiff, it being claimed that such contract was chargeable with a trust in favor of the defendant.

Appeal was taken to the Superior Court and the decision there is here under review on eight allegations of error. One asserts that the decision was against the weight of evidence, but factual findings by a single Justice acting without the intervention of a jury are not subject to exception if supported by any evidence. *Ayer* v. *Harris*, 125 Me., 249, 132 A., 742. Decision below was on an Agreed Statement of Facts and while the exceptions are variously worded, they present the single issue as to whether on those facts it was error in law to grant relief to the plaintiff under R. S. (1930), Chap. 108, Sec. 1.

It is well established in law that when title to property occupied by a tenant at will is passed by either deed or lease, the tenancy is terminated, *Esty* v. *Baker*, 50 Me., 325, 79 Am. Dec., 616; *Seavey* v. *Cloudman*, 90 Me., 536, 38 A., 540; *Small* v. *Clark*, 97 Me., 304, 54 A., 758; *Karahalies* v. *Dukais*, 108 Me., 527, 81 A., 1011; *Bennett et al.* v. *Casavant*, 129 Me., 123, 150 A., 319; *McFarland et al.* v. *Chase*, 7 Gray (Mass.), 462.

The premises were leased to the plaintiff by defendant's landlord for a term of one year from the date of the sale agreement. The plaintiff forthwith notified the defendant of the fact and made demand that the latter vacate the premises "at once." This was subsequent to the commencement of the equity proceedings, and defendant claims that despite the two efforts to transfer the right of possession, there has been no

alienation of her landlord's title. The claim is that the contract was ineffective because its validity has not been determined in the equity proceedings, and the lease equally so because it could transfer to the plaintiff "no greater right or additional privilege of right of possession" than the plaintiff already had under the contract. "It is certain," quoting counsel, "that on the face of it the lease is colorable and a deliberate attempt to evade the equity proceedings by forcing the issue" under the present process. It is unnecessary to consider whether or not the lease was in fact colorable. In *Bennett et al.* v. *Casavant, supra*, process of forcible entry was permitted a plaintiff claiming under a lease which had been found in equity proceedings to have been executed as "a subterfuge to accomplish the early eviction" of the defendant in possession. "The finding did not annul the lease," the Court stated in that case, nor would it affect the rights of the parties to the present action if it could be demonstrated that like purpose induced the execution of the plaintiff's lease. The defendant's tenancy was terminated by the execution of the lease, if the purchase contract which was intended to carry the right of possession had not already accomplished that purpose. Regardless of the possessory right following the execution of the contract, or upon the filing of the equitable process, the plaintiff on April 14, 1942, which is the date of the lease and of the alleged disseisin, was entitled in law to possession of the property. As against her, the defendant is a disseisor and the remedy sought to be used an appropriate one. *Baker et al.* v. *Cooper*, 57 Me., 388; *Karahalies* v. *Dukais, supra; Bennett et al.* v. *Casavant, supra.*

Included among the exceptions alleged by the defendant is one wherein error is claimed because of the neglect or refusal of the Justice below to make any finding on a motion to annul the defendant's recognizance, it being recited in the bill that such a motion was submitted for consideration simultaneously with the principal case. This omission cannot constitute prejudicial error against the defendant, since a valid recognizance is essential to the prosecution of her appeal from the Munici-

pal Court, *Merrill* v. *Hinckley*, 49 Me., 40, and granting her motion would have terminated the proceedings in favor of the plaintiff.

In view of the equitable defense intended to be raised by the brief statement, it is necessary that some note be made of the history of the property immediately prior to the commencement of this particular action. The facts appear partly in the Agreed Statement and partly in the bill in equity which is incorporated therein by reference along with copies of the purchase contract and of the lease. The former is dated March 26, 1942, and the latter April 14, 1942, although it is intended to cover a term of one year commencing on the earlier date. Defendant occupied the premises as a tenant at will prior to February 11, 1942, when the plaintiff hired an apartment therein. On March 25, 1942, the defendant was notified in writing that the property had been sold to the plaintiff. The plaintiff brought process of forcible entry and detainer against the defendant on three occasions subsequent to the execution of the purchase contract and prior to the issue of the present writ, all of which, to quote the Agreed Statement, were nonsuited "for technical reasons." The equity process was instituted following the service of the first forcible entry writ and included among the defendant's prayers was one for an injunction against the prosecution of that process or of any action at law intended to deprive her of full possession and enjoyment of the premises until final determination of the rights of the parties.

In addition to the facts above noted, the bill in equity contains allegations that the defendant negotiated with her landlord for the purchase of the premises and with the plaintiff for a loan to enable her to make a deposit in connection with the purchase, prior to the execution of the sale agreement. The trust is claimed on the basis of a confidential relationship.

The common law rule was undoubted that a defendant in forcible entry and detainer could not prevail on equitable grounds, *Jewett* v. *Mitchell*, 72 Me., 28, but under the Law and

Equity Act, so-called (originally enacted as P. L. 1893, Chap. 217 — Sec. 4 of which is now found in R. S. 1930, Chap. 96, Sec. 18), a defendant in any action at law is permitted to defend by pleading any matter which would be ground for relief in equity. This right is sufficiently broad to include actions of forcible entry, *Shriro et al.* v. *Paganucci*, 113 Me., 213, 93 A., 358, where protection was from forfeiture because of delay in the payment of rent.

There is, however, a definite limitation of the right conferred by this statute which is clearly stated in *Martin et al.* v. *Smith et al.*, 102 Me., 27 at 31, 65 A., 257 at 259, as follows:

> "The statute does not go so far as to provide for the separate determination of a legal right and of a distinct, independent, equitable right in the same action at law. . . . The equitable matter to be pleaded in the action at law must be matter of defense to the plaintiff's claim, not matter of set off, not matter constituting ground for relief in equity apart from and independent of the action at law."

The equitable defense there sought to be interposed against a writ of entry was the omission, from the foreclosed mortgage under which the plaintiffs claimed title, of a recital showing that the property in question was subject to a prior encumbrance. The only equitable remedy was reformation of the instrument. Decision was that consideration could not be given in the legal process to either how or whether the mortgage should be reformed.

It is not necessary in this case to determine whether the trust claim which the defendant asserts is properly subject matter for defense under the Law and Equity Act or, like the reform of a written instrument, exclusively within equity jurisdiction. The defendant has already resorted to equity. Her trust claim is there pending. The purpose of her plea in this action at law is not to have a present determination of her equitable rights, but that very delay which she has already sought by way of injunction in the Supreme Judicial Court

and been denied. The Justice below ruled rightly in refusing to grant the equivalent of that same injunction in this proceeding.

*Exceptions overruled.*