1998 ME 16

IRVING OIL CORPORATION

v.

MAINE AVIATION CORPORATION

and

The Estate of Joseph Caruso.

Supreme Judicial Court of Maine.

Argued Oct. 9, 1997.

Decided Jan. 21, 1998.

Fred W. Bopp, III (orally), Perkins, Thompson, Hinckley & Keddy, P.A., Portland, for plaintiff.

John P. McVeigh (orally), Preti, Flaherty, Beliveau & Pachios, L.L.C., Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, and RUDMAN, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendants Maine Aviation Corporation (MAC) and the Estate of Joseph Caruso (the Carusos) appeal from a judgment of the District Court (Cumberland, *Calkins, J.*) concluding that they were tenants at will of plaintiff Irving Oil Corporation (Irving) with respect to a leased parcel of land located at the Portland International Jetport. The Superior Court affirmed that part of the District Court's judgment that evicted the Carusos but vacated the order evicting MAC on the basis of improper notice of termination. On appeal, defendants contend that the Superior Court improperly denied them a trial by jury; that the District Court erred in ordering eviction and in rejecting their promissory estoppel and third party beneficiary claims; and, that the Superior Court erred in ordering them to pay rent into an escrow account pending resolution of this appeal. Finding no error in the underlying judgment of eviction, we affirm the Superior Court judgment in part and vacate in part.

[¶ 2] The relevant facts may be briefly summarized as follows: In 1976, MAC entered into a twenty year ground lease with the City of Portland for a parcel of land located at the Portland International Jetport. The written lease, executed on behalf of MAC by corporate President Joseph Caruso, permitted MAC to build an airplane hangar on the leased land provided title was not transferred to any other entity. The lease provided that "[a]ny attempts to transfer title to said hangar, building, and improvements shall cause title ... to pass" to the City. The lease, however, expressly permitted MAC to transfer title to the hangar to either Joseph Caruso or Thomas J. Caruso, who were then directors and stockholders of MAC, provided their interest remained subordinate to the interest of the City. Thereafter, Joseph Caruso and Thomas Caruso formed a partnership, the Caruso Company, and built a hangar.

[¶ 3] Although the hangar was built by the Carusos on MAC's leased land, there is no evidence of any agreement between them and MAC for the use of the land under the hangar. Once constructed, however, MAC rented space in the hangar and paid the Carusos $1500 per month as rental.[1] In 1990, MAC filed a petition for protection in bankruptcy pursuant to Chapter 11. As part of a plan for corporate reorganization, MAC transferred its rights under the City's ground lease to Jet Services Portland, Inc. (JSPI), another corporation owned by the Carusos. MAC, however, continued to occupy the hangar, allegedly pursuant to its rental agreement with the Carusos. In 1994, JSPI filed a petition for protection in bankruptcy pursuant to Chapter 11. The trustee in bankruptcy eventually sold JSPI's interest in the ground lease along with other assets to plaintiff Irving.

[¶ 4] In November 1995, Irving sent a letter to the personal representative of the Estate of Joseph Caruso, giving "formal notice that the hangar must be removed no later than December 31, 1995." Irving sent invoices for ground lease rent to MAC for

1. An unsigned copy of a lease of the hangar building running from the partnership to MAC is included in the record. It is fair to assume that income tax considerations may have influenced the ownership structure that the parties attempted to achieve.

the months of October, November, and December of 1995 and January and February of 1996. The hangar remained in place, no rent was paid on the ground lease, and in February of 1996, Irving filed this forcible entry and detainer action against both defendants in the District Court. The court entered a judgment evicting both defendants. Defendants appealed to the Superior Court and requested a jury trial. The Superior Court (*Bradford, J.*) denied their motion for a jury trial, and affirmed the District Court's judgment with respect to the Carusos but vacated it with respect to MAC. The court concluded that Irving had failed to provide the requisite notice of termination to MAC pursuant to 14 M.R.S.A. § 6002 (1980 & Supp.1997). Defendants now appeal from the judgment of the Superior Court.

## I.

[¶ 5] The procedural rule applicable to actions for forcible entry and detainer allows for a jury trial in the Superior Court on issues "triable of right." ·M.R. Civ. P. 80D(f)(2). The Superior Court denied defendants' request pursuant to M.R. Civ. P. 80D(f)(5) because of their failure to demonstrate a genuine issue of material fact. On the record before it, the court did not err in concluding that there were no material facts in dispute and that nothing beyond a review of the legal consequence of the facts presented to the District Court was required. Before this Court, defendants challenge the constitutionality of M.R. Civ. P. 80D. Because they failed to preserve the issue in the Superior Court, we will not review it on appeal even though it is one of constitutional dimension. *See Cyr v. Cyr,* 432 A.2d 793, 797 (Me.1981); *Morris v. Resolution Trust Corp.,* 622 A.2d 708, 714 (Me.1993) (when a party seeks to raise an issue for the first time on appeal for the purpose of attacking judgment from which it appeals, the party is held to have waived the issue for appellate review because the party failed to submit it for decision at the trial level).

## II.

[¶ 6] With regard to the orders of eviction, we review the judgment of the District Court directly for errors of law, *Homstead Enterprises v. Johnson Products, Inc.,* 540 A.2d 471, 472 (Me.1988), or clearly erroneous factual findings. *Casco Northern Bank v. JBI Associates, Ltd.,* 667 A.2d 856, 859 (Me.1995). Initially, defendants contend that factual inaccuracies in the District Court judgment require that it be vacated. Because the findings in question have no effect on the underlying result, the factual errors, if any, are harmless. *See L. Ray Packing v. Commercial Union Ins. Co.,* 469 A.2d 832, 834 (Me.1983); *Bakal v. Weare,* 583 A.2d 1028, 1030 (Me.1990) (we will uphold a decision on appeal even though the lower court's decision was erroneous because there exists another valid rationale to support the judgment).

[¶ 7] Defendants argue that they were subtenants under the original ground lease and accordingly that they are now subtenants of Irving. They contend that they are entitled, without paying rent, to keep the hangar on the leased land until the ground lease, or any extension thereof, is terminated. At a minimum, they contend that their tenancy is at will and that the District Court erred in evicting them because Irving failed to proceed in compliance with 14 M.R.S.A. § 6002. Because of the absence of any written sublease between MAC and defendants, they can claim no estate greater than a tenancy at will. 33 M.R.S.A. § 152 (1988). A tenancy at will, however, cannot be conveyed or assigned; it does not pass with the alienation of the underlying estate. *Esty v. Baker,* 50 Me. 325, 334 (1862). When title to property occupied by a tenant at will is passed by deed or lease, the tenancy is terminated, *Rancourt v. Nichols,* 31 A.2d 410, 139 Me. 339 (Me.1943) and the tenant becomes a tenant at sufferance. A tenant at sufferance is an interest which arises "when one comes into possession by lawful title otherwise than by act of law, but retains such possession longer that he has any right." *Cunningham v. Holton,* 55 Me. 33, 37 (1869).

[¶ 8] Based on the record before the District Court, it is undisputed that the Carusos never entered into a written lease agreement with MAC, JSPI, any trustee in

bankruptcy, or Irving. The District Court correctly concluded that once the rights in the ground lease were sold to Irving, defendants became tenants at sufferance.[2] There is no notice requirement for a party who is a disseisor. *See Reed v. Reed,* 48 Me. 388 (1861) (a tenant at sufferance is not entitled to notice to quit). Irving's request for forcible entry and detainer was properly granted.

### III.

[¶ 9] During the pendency of these proceedings, Irving filed a motion for a writ of possession to issue. The Superior Court held an evidentiary hearing and conditionally denied Irving's motion for a writ of immediate possession. In return, however, the court ordered defendants to pay $3,000 rent per month, pending appeal, together with "the sum of $7900 representing arrearage from the date of the judgment in the District Court." Payments were to be deposited into an escrow account pursuant to 14 M.R.S.A. § 6008 (1980 & Supp.1996).[3] Although defendants maintain that the court improperly calculated the fair rental value of the premises, we review only for clear error. *See* M.R. Civ. P. 52(a); *Casco Northern Bank v. JBI Associates, Ltd.,* 667 A.2d 856, 859 (Me.1995). Without specific findings of fact, we must assume that the court found for the prevailing party on all factual issues necessary to reach its decision. *See Glidden v. Belden,* 684 A.2d 1306, 1316 (Me.1996). The court's order to pay the fair rental value in escrow was not clearly erroneous.

The entry is:

Judgment of the Superior Court vacated in part. Remanded with instructions to affirm the judgment of the District Court and remand for issuance of a writ of possession.

---

**2.** Defendants argue that Irving's unproductive demands for rent during the first few months of its ownership, serve to create a new tenancy at will. Irving responds with the contention that the invoices were only sent as a temporary accommodation to defendants while bids for the use of the land were being solicited. Because there is no transcript of the evidence in the District Court, we assume that the court found all of the necessary historical facts to sustain its conclusion that defendants remain tenants at sufferance. *See Herrick v. Town of Mechanic Falls,* 673 A.2d 1348 (Me.1996). Similarly, defendants' promissory estoppel and third party beneficiary claims are unsupported by the record and must be affirmed on the basis of assumed findings.

**3.** The statute provides that the "Superior Court may stay an issuance of a writ of possession pending in the disposition of the appeal" from the District Court's judgment. "The Superior Court shall condition the granting and continuation of the stay on the defendant's payment of the current rent for the premises to the plaintiff or, if there is a dispute about the rent, into an escrow account." 14 M.R.S.A. § 6008(2) (1980 & Supp. 1996).