HANNAH B. REGAN *vs.* HENRY HOWE & another.

Bristol.   Oct. 24, 1876. — Jan. 6, 1877.   DEVENS & LORD, JJ., absent.

Evidence that a grantor executed a deed, and left it with the scrivener, to be delivered
to the grantee upon the performance of certain conditions; that the conditions
were fully performed; and that the scrivener gave the deed to the grantor upon
his declaring that he took it for the purpose of delivering to the grantee, will war-
rant a finding that there was a sufficient delivery to vest the title in the grantee.

PETITION for partition. At the trial in the Superior Court,
before *Wilkinson,* J., without a jury, the petitioner put in a deed
from one Catharine T. Howe, to herself and the two respondents
of the land in question, of one undivided third part thereof, and
rested her case

The respondents then called Josiah C. Blaisdell, Esquire, who
testified that in 1868, the petitioner, with the respondent Howe,
came into his office, when she agreed to sell to Howe her third
part of the premises for $300, and Howe was to clear off a mort-
gage for which the respondents were responsible; that in pursu-
ance of that agreement he made a deed of warranty in the
ordinary form from her to Howe, and the petitioner executed it
in his office; that he agreed with the petitioner not to deliver it
to Howe until the $300 had been paid, and the mortgage satis-
fied, and then the deed was to be given by him to Howe; that
Howe paid the $300 to him, and also satisfied the mortgage, and
that the $300 was received by the petitioner; that it was about
a year or fifteen months before the money was paid and the
mortgage satisfied; that, one evening, after the $300 had been
paid, and the mortgage satisfied, the petitioner came into his
office and asked for the deed she had made to Howe; and that
he went to his safe, took out the deed and gave it to her, she
saying she wanted it to take to her father, the respondent Howe
that some time after, the respondent Howe came into his office
and asked for the deed, and the witness handed to him what he

supposed to be the deed, but afterwards the defendant brought back the deed so given to him by the witness, and the witness then remembered having given the deed to the petitioner, and went to the petitioner and asked her for the deed, but she refused, saying she never took the deed and never made a deed; that the deed was never recorded; and that he gave the deed to the petitioner when she called for it, supposing she would give it to her father.

There was also evidence that the petitioner said, soon after the deed was executed, that she had sold all her interest in the property to her father for $300; that afterwards the petitioner said she would go to Mr. Blaisdell's office and get her father's deed; and that she went up, and came back and held up a yellow envelope, and said that that was her father's deed; and that in 1870, the petitioner asked if her father had his deed, and said she would go up and get it for him.

The petitioner testified that she never gave any deed to the respondent Howe, and denied all the conversations testified to by the witnesses for the respondents; that she supposed and intended to give her father a life lease of the property; and denied that she received the deed from Mr. Blaisdell.

The respondent Tripp testified that the respondent Howe had told her that he had bought from the petitioner for $300, her interest in the premises for his life.

The petitioner then asked the judge to rule that from the testimony in the case there was no evidence sufficient in law to show a delivery of the deed from the petitioner to the respondent Howe; but the judge refused so to rule, and found for the respondents. The petitioner alleged exceptions.

*H. K. Braley*, for the petitioner.

*J. M. Morton, Jr.*, for the respondents.

COLT, J. Treating the deed executed by the petitioner, and left with the scrivener by the agreement of both parties, as an escrow, in accordance with the petitioner's present claim, still we are of opinion that there was evidence to warrant a jury in finding a delivery sufficient to vest the title in the grantee Howe, one of the present respondents. The case was tried by the court, without a jury, and the finding was for the respondents.

There was evidence that the conditions, upon which the deed was to be delivered to the grantee, had been fully performed, so that the equitable title to it was in the grantee ; that the scrivener, in discharge of his trust, intending to complete its delivery, gave it to the petitioner herself to carry and deliver to the grantee, and that she took it away declaring that she took it for that purpose. This is enough to constitute a delivery, if subse· quently accepted as a delivery by the grantee. It is not necessary, as between the parties themselves, even when both are present, that the deed should be placed in the actual custody of the grantee, or of his agent. It may remain with the grantor, and it will be good, if there are other acts and declarations sufficient to show an intention to treat it as delivered. The significance of the acts or declarations relied on will be greatly strengthened where the deed is placed in the hands of a third person, by the fact that the conditions upon which the delivery of the deed depends have been fully performed. The destruction or detention of the deed by the grantor, after such delivery, cannot divest the grantee's estate. The ruling requested was properly refused. *Moore* v. *Hazelton*, 9 Allen, 102, 106. *Souverbye* v. *Arden*, 1 Johns. Ch. 240. *Scrugham* v. *Wood*, 15 Wend. 545. See also *Wheelwright* v. *Wheelwright*, 2 Mass. 447, 452 ; *Hatch* v. *Hatch*, 9 Mass. 307 ; *Foster* v. *Mansfield*, 3 Met. 412.

*Exceptions overruled.*