## ASA M. SEAVEY *vs.* WALTER H. CLOUDMAN.

York.　Opinion August 16, 1897.

*Landlord and Tenant.　Tenant at Will.　Notice.　R. S., c. 94, § 2.*

A tenancy at will is terminated by the alienation of the premises by the land-lord, and without giving the tenant the notice provided for in R. S., c. 94, § 2.

*Held;* that the word "party" in R. S., c. 94, § 2, is to be understood as *party to the contract.* The notice is to be given by one contracting party to the other contracting party, by the landlord to the tenant, or by the tenant to the landlord. This statute is not applicable when the relation of landlord and tenant does not exist. The words "and not otherwise" refer rather to the acts of the *parties to the tenancy* than to the effects of their acts by operation of law.

ON REPORT.

The case is stated in the opinion.

*Geo. F. and Leroy Haley, E. J. Cram,* for plaintiff.

The plaintiff claims that under R. S., c. 94, § 2, an alienation of the premises did not terminate his tenancy, and that as there was no mutual agreement to terminate his tenancy he was entitled to thirty days' notice in writing.

When the case of *Esty* v. *Baker,* 50 Maine, 325, was decided, the statute was as follows: "A tenancy at will may be terminated by a written notice to quit, served on the tenant thirty days before the time named for its termination, but if no rent is due when a rent is payable, it shall not be terminated, except at the option of the tenant, until rent shall become due." The case of *Esty* v. *Baker,* decided in 1862, held that the statute did not change the common law rule that an alienation terminated the tenancy. This caused the legislature the next year, 1863, to enact chapter 199, which is entitled: "An act additional to chapter 94 of the Revised Statutes relating to tenancies," which reads as follows: "All tenancies at will may be determined by either party by thirty days' notice in writing for that purpose, given to the other party, and not otherwise except by mutual consent, and

except in cases where the tenant is liable to pay rent and no rent is due at the time the notice expires, and no further notice shall be required to entitle the landlord to the process of forcible entry and detainer."

This statute was construed by the court in *Cunningham* v. *Horton*, 57 Maine, 420, to supersede the mode of determining tenancies at common law.

The statute of 1863, c. 199, as far as it relates to the issues in this case, has not been changed, except in the revision the first word of the act, "all," has been omitted.

It was undoubtedly passed because the court, in *Esty* v. *Baker*, supra, had given a different construction to the statutes than the court did in *Young* v. *Young*, 36 Maine, 133, in which case the court held that alienation did not deprive the tenant of the right to written notice.

This case depends upon the statutes; and Massachusetts decisions do not apply, the statutes in that state being different.

The words in the original act can mean nothing but "all." The words "not otherwise" are prohibitive words and exclude all other ways (except those enumerated and which do not affect this case.)

It has been the law in this state for a long time that an estate could be burdened with the rights of a tenant, which the purchaser of the estate would be obliged to respect. R. S., c. 73, § 8.

*Howard* v. *Merriam*, 6 Cush. 532, recognizes the right of the legislature to change the rights as they existed at common law of landlord and tenant.

*Addison E. Haley, B. F. Hamilton and B. F. Cleaves,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

SAVAGE, J. Trespass quare clausum. Prior to July 18, 1895, the plaintiff was tenant at will of the premises. On that day his landlord, the owner, conveyed the same by deed to Mousam Lodge of Odd Fellows. August 19, 1895, the plaintiff paid one month's

rent to the trustees of Mousam Lodge. It is unnecessary to inquire what the effect of this payment was, for the Lodge on August 23, following, leased for the term of one year to Zebedee M. Cushman, a portion of the premises conveyed, also the wooden building occupied by the plaintiff, and standing on the remaining portion, and in the lease agreed to remove the building to the land leased, and put it in a condition fit for occupancy as a dwelling-house. The plaintiff had notice of this lease on the same day, and was then notified to remove from the premises. August 28, the plaintiff was forcibly evicted by the defendant and others. The defendant justifies as the servant of the lodge and of Cushman the lessee.

The only question presented by counsel, and the only question decided by us, is whether the plaintiff's tenancy had been terminated prior to the eviction of the plaintiff. The plaintiff says it had not. The defendant contends that it had, by alienation, by the sale from plaintiff's landlord to Mousam Lodge, and by the lease from Mousam Lodge to Cushman. Either was an alienation, and if either transaction terminated the tenancy of the plaintiff, it is immaterial which.

This court ruled in *Esty* v. *Baker*, 50 Maine, 325, decided in 1862, that by alienation of the estate by the landlord, a tenancy at will is changed to a tenancy at sufferance. But the plaintiff urges that this rule was changed by chapter 199 of the laws of 1863, (now R. S., chap. 94, § 2,) which provided that "all tenancies at will may be terminated by either party by thirty days' notice in writing for that purpose given to the other party, and not otherwise save by mutual consent."

The statutes in force when *Esty* v. *Baker*, supra, was decided provided that "a tenancy at will may be terminated by a written notice to quit, served on the tenant thirty days before the time named for its termination." And the plaintiff's argument is that the legislature, in 1863, intended to change this rule laid down in *Esty* v. *Baker;* and particularly it is urged that the use of the word "all" and the words "and not otherwise" are conclusive that no tenancy at will can be determined, or ended in any other

way whatever, than by the statutory notice to quit or by "mutual consent."

We do not think so. Prior to the revision of 1841, we had no statute on the subject of determining tenancies at will. The common law rules were in force. In R. S., 1841, chap. 95, § 19, it was provided that "all tenancies at will may be determined by either party by three months' notice in writing for that purpose, given to the other party." This was omitted in the revision of 1857. Revised Statutes, 1857, chap. 94, § 2, was held in *Withers* v. *Larrabee*, 48 Maine, 570, (1861), to be a re-enactment of the statute of 1849, c. 98, which provided for the maintenance of the process of forcible entry and detainer, although the relation of landlord and tenant did not exist between the parties ; and of the statute of 1853, c. 39, § 1, which related to the termination of a tenancy at will on the part of the landlord. "These acts . . . . have relation to the process of forcible entry and detainer alone, and have nothing to do with the determination of tenancies at will *by either party* upon notice in writing . . . . consequently tenancies at will are now as they were before the revision of 1841." Chapter 98 of the laws of 1862 was the counterpart of the statute of 1853, supra, and gave the tenant the right to terminate the tenancy by giving notice in writing. It, like the former statute, related only to the process of forcible entry and detainer. Chapter 199 of the laws of 1863, therefore, restored § 19 of chap. 95, R. S., 1841, and added the words "and not otherwise except by mutual consent." As before stated that statute is found now in R. S., 1883, chap. 94, § 2.

It will be observed that the statute has reference to the determination of tenancies by the will and acts of the parties, and not by operation of law. The relation of landlord and tenant is created only by contract, express or implied. *Little* v. *Libby*, 2 Maine, 242. We think that the word "party" in the statute is to be understood as *party to the contract*. The notice is to be given by one contracting party to the other contracting party, by the landlord to the tenant, or by the tenant to the landlord. After alienation has taken place, how can the tenancy be deter-

mined, upon the theory of the plaintiff? Can notice be given by the landlord? He has ceased to have any interest in the premises. Can notice be given by his grantee or lessee? He is not a party to the contract. The alienee does not become the lessor at will of the former lessee at will, nor does the tenant at will become tenant to the alienee. *Howard* v. *Merriam*, 5 Cush. 563.

It will, also, be observed that the statute in question does not assume to change the nature or essentials of a tenancy at will at common law. It only provides a new method by which the parties to the relation may terminate it as between themselves. Those incidents or limitations which attach themselves to the relation by operation of law are not affected by the statute.

Said Shaw, C. J., in *Howard* v. *Merriam*, supra: "It is an intrinsic quality in an estate at will, that it is personal and can not pass to an assignee; and that by an alienation in fee, or for years, the estate at will is, ipso facto, determined and can not subsist longer. This is a limitation of the estate, which is incident to its very nature; when therefore it is thus determined by operation of law, it is determined by its own limitation without notice." It is, therefore, an incident to any tenancy at will that it is limited to such time as the lessor shall own the estate, as it is also limited to the lifetime of the parties. *Ferrin* v. *Kenney*, 10 Met. 294; *Baker* v. *Smith*, 21 Maine, 414; *Burdin* v. *Ordway*, 88 Maine, 375.

The words "and not otherwise" refer rather to the acts of the parties to the tenancy than to the effects of their acts by operation of law. Were these words to have the enlarged meaning contended for by the plaintiff, not even the death of the parties, or the use of the premises for immoral purposes, would terminate the tenancy.

This construction of the statute seems to have been recognized as correct in *Smith* v. *Grant*, 56 Maine, 255, (1868), although the precise point decided was that replevin was not the proper process by which to oust the tenant and his family; also in *Robinson* v. *Deering*, 56 Maine, 359. So in Massachusetts, *Howard* v. *Merriam*, 5 Cush. 565; *Curtis* v. *Galvin*, 1 Allen, 215; *Rooney* v. *Gillespie*, 6 Allen, 74; *Pratt* v. *Farrar*, 10 Allen, 519; *Emmes* v. *Feeley*, 132 Mass. 346.

Our attention has been called to the case of *Young* v. *Young*, 36 Maine, 133, in which it was held that the tenancy at will was not terminated by alienation. The tenancy at will in that case was such by statute and not so at common law. See *Esty* v. *Baker*, supra, in which *Young* v. *Young* is commented upon and distinguished.

The case at bar is one of a tenancy at will at common law, and possesses all the qualities and incidents and is subject to all the limitations of such a tenancy.

It is the opinion of the court that the plaintiff's tenancy at will was determined by the lease from Mousam Lodge to Cushman prior to the eviction complained of.

*Judgment for defendant.*