## MELVILLE H. REED *vs.* J. BURTON REED.

## Lincoln.    Opinion June 26, 1918.

*Deeds.    Necessity of delivery.    When delivery becomes effective.    Rule as to delivering deed by grantor to grantee to be held by grantee in escrow.    General rule regarding conditions preceding delivery of deeds and conditions set up subsequent to delivery.    Rule as to permitting parol evidence to show that deed was to take effect only upon the performance of some condition or the happening of some event not expressed in the deed itself.*

In an action of forcible entry and detainer to recover possession of certain real estate, where the issue was the efficacy of a certain deed from the father of the plaintiff to the plaintiff's wife, and before this court on plaintiff's motion after verdict for defendant:

*Held:*

1.   That the validity of the deed depends upon the validity of its delivery by the grantor to the grantee.

2.   The fact of unconditional delivery is completely established.    No other inference can reasonably be drawn from the testimony and the circumstances.

3.   When a deed has been manually delivered by a grantor to a grantee with the intention that it shall take effect as his deed, it takes effect in exact accordance with the expressed terms of the deed and it cannot be shown by parol evidence that it was to take effect only upon the performance of some condition or the happening of some event not expressed in the deed itself.

4.   A condition may precede delivery, but once delivered by the grantor to the grantee no conditions except those expressed in the deed can postpone the vesting of the title.

Action of forcible entry and detainer.    Defendant filed plea of general issue and also brief statement, setting up title in himself, the plaintiff and two others as tenants in common.    Thereupon the case was removed to the Supreme Judicial Court.    Verdict for defendant. Motion for new trial and also exceptions to certain rulings of presiding Justice filed by plaintiff.    Judgment in accordance with opinion.

Case stated in opinion.

*McGillicuddy & Morey, and Carl M. P. Larrabee,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., SPEAR, BIRD, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.    This is an action of forcible entry and detainer to recover possession of certain real estate in Boothbay Harbor.    The plaintiff claims to derive title by virtue of a warranty deed dated and acknowledged September 4; 1907, from his father Chapman N. Reed to Bessie L. Reed, wife of the plaintiff, and by deed from Bessie L. Reed of the same date to himself.    The defendant denies the passing of the title from Chapman N. Reed during his lifetime and pleads title in his three brothers, one of whom is the plaintiff, and himself as tenants in common, heirs at law of their father.    The issue is the efficacy of the deed from the father to Bessie L. Reed, and that depends upon whether or not it was legally delivered by the grantor to the grantee.    If it was legally delivered and title passed, then the plaintiff should recover; if it was not delivered then the plaintiff fails.

The jury having rendered a verdict in favor of the defendant, the case is before the Law Court on plaintiff's motion and exceptions.    It is only necessary to consider the motion.

It appears that Chapman N. Reed with his wife Sarah A. Reed, at the time the deed was made, was living in this homestead which they had occupied for many years.    He was then a man seventy-two or seventy-three years of age.    In order to provide an annual income for himself and his wife, he arranged to convey this property to his son, the plaintiff, then living in Cambridge, Massachusetts, who, in consideration of the conveyance, agreed to pay his father the sum of three hundred dollars a year during the father's life, and the same amount to his mother, should she survive her husband.    In furtherance of this agreement a local attorney was secured who drafted the warranty deed in question from Chapman N. Reed to Bessie L. Reed, the plaintiff's wife, a bond from Bessie and the plaintiff to Chapman N. Reed, conditioned to make the annual payments, a mortgage to Chapman N. Reed, signed by Bessie and the plaintiff, to secure the performance of the bond, and a warranty deed from Bessie to the plaintiff, subject to the mortgage.    These were all a part of one and the same transaction.    All these instruments when prepared were taken by the attorney to the Reed homestead, where all the parties were, and were duly executed and acknowledged in his presence.    He cannot positively testify that they were delivered by the respective

grantors to the respective grantees, nor could he be expected to do so as a matter of distinct recollection after a lapse of ten years, but he left them at the house with the parties interested. This has been held to be some evidence of delivery. *Lowd* v. *Bridgham*, 154 Mass., 113. To assume that they were not delivered is to conclude that all the labor and expense connected with the transaction were designedly futile. However the plaintiff and his wife, who are the only other living witnesses to the transaction, testify that all the instruments were unconditionally delivered at the time of their execution, the deed by Chapman to Bessie and the bond and mortgage by Bessie and the plaintiff to Chapman. The deed from the father to Bessie as well as the deed from Bessie to the plaintiff were carried by the plaintiff to his home in Massachusetts. None of the documents were recorded until after the father's death, which was in deference to the wishes of the parents. The plaintiff made various payments under the bond, the exact amount being somewhat in controversy. Sarah A. Reed died in February, 1908, and Chapman N. Reed in February, 1913.

If further proof of the completed delivery of the deed is needed, in addition to the uncontradicted testimony of the plaintiff and his wife, and the inherent reasonableness of the transaction, it is to be found in the concurrent acts of the parties which recognized a transfer of the title. The father's intention to convey immediately and unconditionally is shown by the fact that he took back a mortgage of the same premises to secure the performance of the conditions of the bond. This is practically conclusive upon the question of delivery of the original deed, and is so held by the courts. *Creeden* v. *Mahoney*, 193 Mass., 402; *Blackwell* v. *Blackwell*, 196 Mass., 186. If no title had passed to the grantee under the deed, the grantee had nothing which she could convey to the grantor in mortgage, and the grantor knew it. The validity of the mortgage was based on the validity of the deed.

Moreover we have the written and unanswerable admission of Chapman N. Reed himself, made three months after the conveyance. In December, 1907, the plaintiff applied to his father for assistance in raising $1,000. Under date of December 27, 1907, the father replied: "I got your letter last night. I am sorry to hear that you have had such hard luck. I will help you out if I can. But as it stands I can't do a thing. You have a deed (or Bessie has) of this place and in one sense the place is yours while you carry out the agreement (that is the

bond) I can't do a thing with it. If I should go to put a mortgage on it the question would be asked, is it clear of all incumbrances. You see that it would not be while you have a deed of it. Now you send me the deed. None of the papers have been put on record. Then everything will stand the same as if nothing had been done. Then I can answer any questions that may be asked, with a clear conscience. Then I will see what I can do. . . . ."

Acting upon this suggestion the deed was returned by the plaintiff to his father, who thereupon placed a mortgage for $1,000. upon the premises with the Boothbay Savings Bank, in the father's name, the bank supposing that he was still the legal owner, and the money was turned over to the plaintiff by his father. Subsequently the plaintiff met some of the interest payments on this mortgage and also paid a portion of the principal, ceasing payment on advice of counsel after the question of title had been raised. The father had received nothing from the bank and paid nothing to the bank, and as between father and son it was as if the bank mortgage had been placed upon the son's property, while as between the father, son and the bank the mortgage had been placed upon the father's property.

This transaction however had no legal effect as between Chapman N. Reed and Bessie L. Reed or the plaintiff, upon the delivery of the deed of September 4, 1907, or the passing of the title thereunder. That deed not having been placed on record and the holder of the $1,000. mortgage having neither actual nor constructive notice of its existence, the bank's title under the mortgage would be good as against both Bessie and the plaintiff, but as between the father and them his deed had been delivered beyond recall and the son held the title subject to the mortgage for support.

It is needless to discuss the evidence further. The fact of unconditional delivery is completely established. No other inference can reasonably be drawn from the testimony and circumstances. Such was the conclusion reached by this court when the case was first here. *Reed* v. *Reed*, 113 Maine, 522. At nisi prius the presiding Justice had directed a verdict for the plaintiff, and the case was taken to the Law Court upon exceptions to that ruling and also upon a motion for new trial on the ground of newly discovered evidence. Regarding the direction of the verdict the court said: "We shall not discuss the evidence. We need only to say that a careful study of it leads us to

the conclusion that a verdict based on non-delivery of the deed could not be sustained. The exceptions must therefore be overruled."

The motion for new trial on the ground of newly discovered evidence was granted. At the second trial, which included the introduction of the newly discovered evidence, a verdict was rendered by the jury in favor of the plaintiff, but this verdict was set aside on exceptions, because under the pleadings the defendant was not given the right to open and close. *Reed* v. *Reed*, 115 Maine, 441. The merits of the controversy on the delivery of the deed were not considered. At this third trial it is the opinion of the court that the plaintiff's claim is completely established, as was found by the Law Court after the first trial, and as was found by the jury at the second trial. True the defendant seeks to have us infer from certain statements of the plaintiff in testimony given in Massachusetts, and in cross examination at the trials in this State, that some condition was attached to the delivery and that title did not vest. Such an inference is not fairly deducible from the evidence. The plaintiff evidently had in mind the conditions named in the bond and knew that the title was not indefeasible while those conditions remained unperformed. It was precisely the same idea that the father entertained, when in his letter already quoted he said: "You have a deed (or Bessie has) of this place and in one sense the place is yours while you carry out the agreement, (that is the bond) I can't do a thing with it." Both father and son were correct in their views. The rights of the father in the place rested upon the bond secured by the mortgage, and not upon an undelivered deed or a deed conditionally delivered, and that was what was intended by the son's testimony. Carefully analyzed the testimony is not contradictory, and therefore the newly discovered evidence detracts in no wise from the strength of the plaintiff's claim. This deed having been completely and unqualifiedly delivered by the grantor to the grantee title vested ipso facto in the grantee.

Some confusion seems to have arisen over the use of the term conditional delivery, and the distinction between a condition affecting the delivery of a deed and an attempted oral condition modifying the efficacy of a deed once delivered by the grantor to the grantee was overlooked. The former is recognized in law, the latter is not and should not be recognized. This distinction follows from the indispensable element existing in every completed delivery, namely, the absolute relinquishment on the part of the grantor of all dominion and

control over the instrument. There cannot be a joint control of the deed by the grantor and the grantee. Their adverse interests forbid it. It must be within the dominion of the one or the other, and title passes or does not pass, according as the deed has or has not been actually delivered. Once delivered the only conditions affecting the vesting of the grantee's title must be expressed in the instrument itself.

Of course many cases have arisen where a deed has come into the possession of the grantee by mistake or for a special purpose apart from delivery, and the grantee has assumed dominion over it, either without authority or in violation of authority. In such cases there has been no delivery whatever, conditional or otherwise, because there has been no intention on the part of the grantor to lose the right of control over it and it has not come into the possession of the grantee as a conveyance with the consent of the grantor. Illustrations may be found in *Chadwick* v. *Webber*, 3 Maine, 141; *Woodman* v. *Coolbroth*, 7 Maine, 181; *Rhodes* v. *School District*, 30 Maine, 110; *Brown* v. *Brown*, 66 Maine, 316; *Joslin* v. *Goddard*, 187 Mass., 165; the last two cases being cited by the defendant. These authorities have no application here because here the grantor had surrendered all right of dominion and the grantee had lawfully received the instrument into her possession in accordance with the intention and act of the grantor.

Under these circumstances this case falls within the well settled doctrine that when a deed has been delivered by the grantor to the grantee with the intention that it shall take effect as his deed, it takes effect in exact accordance with the expressed terms of the deed, and it cannot be shown by parol that it was to take effect only upon the performance of some condition or the happening of some event not expressed therein. A condition may precede delivery, but once delivered no conditions except those expressed in the deed can postpone the vesting of the title. In this we have made no reference to the cases in equity where a deed absolute on its face is held to be a mortgage. They concern the nature of the title granted, not the vesting or non-vesting of any title, and they have no bearing upon the point in issue here.

In *Warren* v. *Miller*, 38 Maine, 108, a real action, the tenant offered to prove by parol evidence that when the deed introduced by the demandant was made and delivered, the deed was to be void upon the fulfilment by the grantee of a verbal condition subsequent. The evidence was rejected by the presiding Justice and the Law Court sustained the ruling.

In *Hubbard* v. *Greeley*, 84 Maine, 340, a case often cited in this State, the court said: "The authorities all agree that a deed cannot be delivered directly to the grantee himself or to his agent or attorney to be held as an escrow; that if such a delivery is made, the law will give effect to the deed immediately and according to its terms, divested of all oral conditions. The reason is obvious. An escrow is a deed delivered to a stranger, to be delivered by him to the grantee, upon the performance of some condition, or the happening of some contingency, and the deed takes effect only upon the second delivery. Till then the title remains in the grantor. And if the delivery is in the first instance directly to the grantee and he retains the possession of it, there can be no second delivery and the deed must take effect on account of the first delivery, or it can never take effect at all. And if it takes effect at all, it must be according to its written terms. Oral conditions cannot be annexed to it. And it is perfectly well settled, by all the authorities, ancient and modern, that an attempt thus to deliver a deed as an escrow cannot be successful; that in all cases where such deliveries are made, the deeds take effect immediately and according to their terms, divested of all oral conditions."

It should be further said that oral testimony should not be admitted to abrogate the legal effect of a written instrument once intentionally and completely delivered to the grantee. Otherwise the validity of the transaction would depend upon the recollection and truthfulness of human witnesses. "There is manifest wisdom in the rule that in such transactions the law will regard, not what is said, but what is done." *Ordinary of N. J.* v. *Thatcher*, 12 Vroom, 403.

In short, delivery of a deed in its legal sense is one thing, the effect of the deed after delivery is another. A deed does not on its face prove delivery, therefore the evidence of the fact must come from without. But the effect of the deed after delivery is proved on its face, and must come from within. Parol evidence is not admissible to show that a deed actually delivered to the grantee and absolute on its face shall have effect only upon the performance of some condition or the happening of some contingency. This is the settled law. *Mowry* v. *Henry*, 86 Cal., 47; *Whitney* v. *Whitney*, 10 Idaho, 633, 69 L. R. A., 572; *Haworth* v. *Norris*, 28 Fla., 763; *Berry* v. *Anderson*, 22 Ind., 36; *Lawton* v. *Sager*, 11 Barb., 349; *Wipfler* v. *Wipfler*, 153 Mich., 18, 16 L. R. A., N. S., 941, with extended note; 8 R. C. L., 1003. This has been and still is the law of this State.

We have discussed the subject with greater fullness than might seem necessary, especially in view of the fact that there is no evidence of conditional delivery of any sort, because in *Reed* v. *Reed,* 113 Maine, 522-524, and perhaps in *Coombs* v. *Fessenden,* 114 Maine, 347, the court used language, somewhat in the nature of dicta, that might be construed as approving the rule contended for by the defendant. Such is not the law, and we take the first opportunity to correct any misapprehension that may have arisen or might arise, and to reaffirm the doctrine of *Hubbard* v. *Greeley,* 84 Maine, 340, supra, in order that there may be no uncertainty as to so important a legal principle, affecting as it does the stability of titles to real estate.

*Motion sustained.*
*Verdict set aside.*