NELLIE A. GATCHELL *vs.* EVERETT R. GATCHELL ET AL.

Kennebec.        Opinion September 25, 1928.

*Locke, Perkins & Williamson,* for plaintiff.
*Gatchell & Lancaster,* for defendants.

SITTING: WILSON, C. J., DUNN, DEASY, BARNES, PATTANGALL, JJ.

DUNN, J.   The bill filed by this complainant, praying equitable partition of certain real estate in Monmouth, on the theory that an undivided third thereof had descended to her, was dismissed below.  Appeal has brought the record up.

George H. Gatchell, whom the complainant married and whose widow she is, owned the premises in fee simple, prenuptially.  On October 1, 1918, a matter of six weeks before his marriage, he

voluntarily conveyed, not all his real property, but this particular property, to his only two surviving sons by a former marriage; these sons being the respondents in this cause.

The deed was not recorded until December 30, 1925, shortly after the husband and the wife, who for several years next preceding had been living apart from each other, had entered into an agreement for her separate support; this about seven months before the husband died.

While the husband and the wife lived together, they lived on the premises in question, one of the sons living there too, apparently as one family, after the manner in which father and son had before the new wife came.

The complainant alleges in her bill that the transaction of the deed was not in good faith but a fraud upon her to deprive her of any inchoate interest by descent. Upon the issue of fraud the evidence must be clear and convincing, precise and indubitable. *Morneault* v. *Sanfacon,* 122 Maine, 76, 78.

The Justice who heard this case found it lacking in satisfactory evidence of fraud. The finding has the force of a jury verdict, in that it may not be disturbed unless clearly wrong. *Young* v. *Witham,* 75 Maine, 536; *Wilson* v. *Littlefield,* 119 Maine, 143. It is plain on the record that there is not enough evidence to overturn the finding.

Under appropriate allegations in her bill, which the answer denies, counsel for the complainant argues that she introduced believable evidence in preponderating degree sufficient to show that, if there ever were delivery of the deed, the delivery was subsequent to marriage, and in any case that want of seasonable record renders the conveyance, as to which she was not actually informed, ineffectual as to her; she being neither the heir nor the devisee of the grantor.

Delivery of a deed occurs at the moment when the deed is in the hands of the grantee, or, what in law is the very same thing, in the hands of some person eligible to have it for him, with the consent of the grantor, and beyond his control, with intent on the part of the grantor that the deed should operate and inure as a muniment of title to the grantee. *Brown* v. *Brown,* 66 Maine, 316. Whenever, by acts or words, or both acts and words, the grantor so

assents to the possession of the deed, then, and not until then, is delivery of the deed complete.

Aside from possession and production of the deed by the grantees, prima facie evidence of its having been delivered (*Patterson* v. *Snell*, 67 Maine, 559), and aside from the date of the deed, the date being prima facie evidence as to when the deed was delivered (*Sweetser* v. *Lowell*, 33 Maine, 446), the single Justice found the evidence to shed that light in which was seen no question as to the delivery of the deed to one of the grantees, for himself and for the other grantee, so that seizin passed to the grantees, the next day after the deed was signed and acknowledged, and therefore before the day of the marriage. That finding was abundantly warranted. The reservation to the grantor of the use of the granted premises for one year — that is, the control over the property, but not over the deed — was not inconsistent with the vesting of title in the grantees. *Watson* v. *Cressey*, 79 Maine, 381; *Hall* v. *Cressey*, 92 Maine, 514. That the grantor enjoyed the use for an even longer period does not appear to be of consequence. However he may have regarded his tenure, that mere fact alone cannot affect the validity of the title which had passed by the deed. *Givens* v. *Marbut*, 168 S. W., 614 (Mo.).

There is a statute to this effect:

"No conveyance of an estate in fee simple . . . is effectual against any person, except the grantor, his heirs and devisees, and persons having actual notice thereof, unless the deed is recorded . . ." R. S., Chap. 78, Sec. 14.

A widow is not the heir of her deceased husband. *Golder* v. *Golder*, 95 Maine, 259; *McCarthy* v. *Welsh*, 123 Maine, 157, 161. This widow is not the devisee of her late husband; and her testimony that she never knew of the existence of the deed till her husband had died appears worthy acceptance.

The want of record of a deed does not render the instrument void. Want of record does not reinvest seizin in him who gave the deed. The statute invoked, which provides only that in certain instances the conveyance shall be ineffectual, does not avail the complainant. As it was with dower, so it is with the superseding estate by descent, there must have been seizen by the husband during coverture. R. S., Chap. 80, Sec. 1. The estate by descent

which a widow takes arises only on the title her husband had, based on his seizen during the marital relation, and cannot rise higher or be more extensive.

The delivery of the deed, although unrecorded, was sufficient to transfer seizen from him who later became the complainant's husband. In the absence of proof of a concurrence of seizin in the husband and coverture, the ruling that the complainant had not taken an estate by descent was correct. *Blood* v. *Blood*, 23 Pick., 80, 85; *Whithed* v. *Mallory*, 4 Cush., 138, 140.

The appeal is dismissed, and the decree below affirmed. An additional single bill of costs may be taxed.

*So ordered.*