EARLE H. ROBERTS ET AL. *vs*. JAMES R. CYR.

Aroostook. Opinion, September 2, 1938.

*George F. Eaton,*
*Edgar M. Simpson,* for plaintiffs.
*Bernard Archibald,*
*David Solman,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J. This action was brought for the specific recovery of a motion picture theater, and certain rights annexed to it, in the building of one George Ringuette, in Madawaska, Maine. Defendant pleaded the general issue; by way of brief statement, he denied plaintiffs' title, and set up, as tenant under a lease from the owner of the fee, right in himself to remain in tenure.

Plaintiffs rely on a leasehold created by the same lessor. Their lease is dated August 2, 1937, its term five years from that day; it is of public registry. R. S., Chap. 87, Sec. 14.

The trial court directed a verdict for plaintiffs.

The bill of exceptions challenges rulings regarding the admission of evidence, the exclusion of evidence, and the directed verdict.

Defendant was in actual possession and occupancy of the demanded premises. He offered in evidence, as his muniment, an unrecorded lease, older than plaintiffs', which had been produced, on notice, by its draftsman. The instrument appears to be signed by both parties, bears date January 8, 1936, and is for the term of three years, beginning with February 1, 1936, with a privilege of two years more. This lease, the trial court, on objection, shut out.

Plaintiffs claimed that defendant's possession of the property was at will, invariably. They contended that although there may once have been intent to convey to the defendant for a definite term, this was not consummated. They argue, on the authority of *Seavey* v. *Cloudman*, 90 Me., 536, 38 A., 540; *Bennett* v. *Casavant*, 129 Me., 123, 150 A., 319, and other recorded cases, that the granting of their lease terminated defendant's right to the possession of the property demised and let to them.

Objection to reception in evidence of defendant's lease was that: "There was no delivery to the defendant of the document itself, that is, no physical delivery of the paper on which the lease to the defendant was written, . . ."

A lease does not take effect till it has been delivered, unqualifiedly, to the lessee or to one authorized to receive it. *Camp* v. *Camp*, 5 Conn., 291, 300; *Charlton* v. *Columbia Real Estate Company*, 67 N. J. E., 629, 60 A., 192; *Whitford* v. *Laidler*, 94 N. Y., 145; *Feigenbaum* v. *Aymard*, (Cal. App.) 236 P., 156. See, in resemblance, delivery of a deed absolute. *Brown* v. *Brown*, 66 Me., 316; *Reed* v. *Reed*, 117 Me., 281, 104 A., 227; *Tripp* v. *McCurdy*,

121 Me., 194, 116 A., 217; *Gatchell* v. *Gatchell*, 127 Me., 328, 143 A., 169. Delivery has been called the life of a deed. *Chambers* v. *Chambers*, 227 Mo., 262, 127 S. W., 86, 137 A. S. R., 567. Delivery is as essential as the seal or signature of the grantor. *Brown* v. *Brown*, supra.

In a popular sense, delivery of a lease implies a transfer from one person to another, of the tangible contract for the possession and profits of realty on the one side, and a recompense of rent or other income on the other. Thompson, Real Property, Sec. 1073. This is the simplest mode of delivering a lease.

But a manual passing over of the contract is not indispensable. Actual tradition is not the sole evidence. There may be a presumptive or constructive delivery. *Witman* v. *Reading*, 191 Pa. St., 134, 43 A., 140; *McKemey* v. *Ketchum*, 188 Iowa, 1081, 175 N. W., 325.

For example: retention of possession of a lease by the lessor was held not conclusive evidence of nondelivery. *Oneto* v. *Restano*, 89 Cal., 63, 26 P., 788. Again, leaving a lease with the scrivener who prepared it, that a copy might be made for the lessee, was a sufficient delivery to make it binding. *Reynolds* v. *Greenbaum*, 80 Ill., 416. Where the conveyancer, with whom the deed had been left for delivery upon performance of certain conditions, gave it back to the lessor upon his declaring that he took it for the purpose of transmitting it to the lessee, there was warrant for finding a sufficient delivery to vest title in the lessee. *Regan* v. *Howe*, 121 Mass., 424. The opposite is when holding continues pending performance of a condition; then, in a legal sense, there is no delivery and the lease is inoperative. *Browning* v. *Haskell*, 22 Pick., 310. See, too, *Tatham* v. *Lewis*, 65 Pa. St., 65. Should a lessee, by formal assent or unequivocal acts, such as entering into possession of the real estate and making compensation therefor, treat the lease as in his possession, that might be enough on the score of delivery. Thompson, Real Property, Sec. 1073 (*supra*); *Witman* v. *Reading*, supra. See, also, *Atkins* v. *Atkins*, 195 Mass., 124, 80 N. E., 806.

Delivery is a fact question, rather than one of law, determined by intention. *Wadsworth* v. *Warren*, 12 Wall., 307, 20 Law Ed., 402. Delivery is not controlled by any fixed and arbitrary formulary, but may be done by acts, or words, or both, with intent thereby to

breathe vitality into the document of title. *Chambers* v. *Chambers,* supra; *Brown* v. *Brown,* supra.

The record reveals, on the subject of delivery of the lease, substantial conflict in evidence. The trial judge's preliminary factual determination that delivery of the lease had not been proven, wherefore, as a matter of law, it was not receivable in evidence, transgresses the standards which must confine the exercise of judicial discretion. On the testimony on the record, a discussion of which would be of no practical interest, the question whether the lease had been duly delivered, or not, should have been submitted to the jury.

The exception is good.

There is no occasion to pass on any other alleged errors. Some of them are of no great concern, and none is likely to arise on another trial.

*Exception sustained.*