Claudia D. PAINE, Special Administratrix of the Estate of Errol K. Paine, Intestate

v.

Laurence PAINE and James G. Lynch.

Supreme Judicial Court of Maine.

Argued May 3, 1982.

Decided June 9, 1982.

that the plaintiff in her pleadings sought a determination of title for any purpose other than administration of the estate or settlement of taxes, her standing to seek such relief, founded solely on her representative capacity, is questionable. To the extent that the Superior Court's order determines legal title under plaintiff's complaint, it is clear that the court has failed to join indispensable parties as required by M.R.Civ.P. 19. The heirs of the decedent are undoubtedly indispensable parties to litigation seeking a determination of title. The complaint in this case does not set forth reason for nonjoinder as required by Rule 19(c) nor did the Superior Court determine that joinder was not feasible as permitted by Rule 19(b).

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

Ralph A. Dyer, Martin J. Foley (orally), Portland, for plaintiff.

Berman, Simmons, Laskoff & Goldberg, P. A., Jack H. Simmons (orally), John E. Sedgewick, Lewiston, for Laurence Paine.

Vafiades, Brountas & Kominsky, Lewis Vafiades, Bangor, for James G. Lynch.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

### MEMORANDUM OF DECISION.

Errol K. Paine died intestate on October 13, 1979. His law partner, the defendant James G. Lynch, found among the decedent's personal papers an unrecorded deed which purported to convey certain real property from Laurence Paine to his son, Errol. After his son's death, Laurence claimed non-delivery of the deed and ownership of the disputed property.

The plaintiff, Claudia D. Paine, was appointed Special Administratrix of the estate on November 7, 1979, by the Probate Court, Penobscot County. She commenced this action in her representative capacity in Superior Court on January 17, 1980, requesting a declaration of title under the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980), and possession pursuant to a real action, 14 M.R.S.A. §§ 6701–7053 (1980). Notably plaintiff sought that title be established in her. The Superior Court granted summary judgment and declared the deed to have conveyed legal title in fee simple to the decedent, Errol K. Paine, as of December, 1972, the date of the original transaction between father and son. To the extent