Claudia D. PAINE Special Administratrix
of the Estate of Errol K.
Paine, Intestate,

and

Claudia D. Paine, Guardian of the
minor children of the late Errol
K. Paine.

and

Joel D. Paine

v.

Laurence PAINE and James G. Lynch.

Supreme Judicial Court of Maine.

Argued March 15, 1983.

Decided April 8, 1983.

Law Offices of Ralph A. Dyer, P.A., Martin J. Foley (orally), Portland, for plaintiffs.

Berman, Simmons, Laskoff & Goldberg, P.A., Jeffrey Rosenblatt (orally), John E. Sedgewick, Lewiston, for defendants.

Before GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Defendant Laurence Paine appeals from an order of the Superior Court (Penobscot County) granting summary judgment in favor of the plaintiffs. We find that the presiding justice erred in holding that the parol evidence rule barred the admission of evidence proffered by the defendant to establish non-delivery of a deed. We therefore sustain the appeal.

Following the death of the intestate Errol K. Paine in 1979, his law partner, the defendant James G. Lynch, found among the decedent's personal papers an unrecorded deed which purported to convey certain real property from Laurence Paine to his son, Errol. After his son's death, Laurence claimed non-delivery of the deed and ownership of the property. The plaintiff Claudia D. Paine in her capacity as Special Administratrix of the Estate of Errol K. Paine, brought this action originally in January of 1980 seeking a declaration that title rested with her. Plaintiff obtained an order of summary judgment in her favor. On appeal, however, the judgment was vacated because of a failure to join as indispensable parties the heirs of the decedent. *Paine v. Paine*, 446 A.2d 414 (Me.1982). Upon remand to the Superior Court the minor heirs were joined through their guardian, Claudia D. Paine, while the sole adult heir was joined individually. Following joinder, the plaintiffs filed an amended complaint which sought a declaration of title under the Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980), and possession pursuant to a real action, 14 M.R.S.A. §§ 6701–7053 (1980 & Supp. 1982–83). Plaintiffs then filed a motion for summary judgment, and the court, aided by the stipulation of the parties, concluded that the issue remained unchanged from the time of the prior summary judgment and accordingly entered judgment in favor of the plaintiffs on the same basis. The Superior Court found that the deed in question conveyed legal title in the described real estate to the decedent and ordered that the deed be delivered to the plaintiffs for recording. From this order the defendant now appeals.

The sole issue in determining the validity of the grant of summary judgment is whether the justice of the Superior Court correctly excluded evidence proffered by the defendant. The parties stipulated: that the subject deed was executed by Laurence K. Paine in 1972 and was at that time delivered manually to Errol K. Paine; that the deed remained in his possession from time of delivery until his death; that the deed was not returned to the physical possession or custody of Laurence K. Paine; and that shortly after his death the deed was found among the personal papers of Errol K. Paine. The defendant made an offer of proof in which it was asserted that, if permitted, the defendant and a companion would testify that the deed was prepared in order to remove the property from the estate of Laurence. The witnesses would testify that at the time of execution, Laurence informed Errol that he was keeping title to the property and that he would have the right to dispose of the property and get the deed back at any time and that the deed could be recorded and would take effect only if Laurence died before Errol. The Superior Court held that the proffered testimony was inadmissible under the Parol Evidence Rule. Having excluded the testimony offered by the defendant, the court, for lack of a genuine issue of material fact, entered judgment in favor of the plaintiffs.

■ It is axiomatic that a deed must be delivered in order for a conveyance of title to occur. *Hood v. Hood,* 384 A.2d 706, 707 (Me.1978). The parties to the present dispute appropriately focus their attention on the issue of whether the deed was in fact "delivered" to the decedent. This Court has stated that:

> Delivery of a deed occurs at the moment when the deed is in the hands of the grantee, ... with the consent of the grantor, and beyond his control, with intent on the part of the grantor that the deed should operate and inure as a muniment of title to the grantee.... Whenever, by acts or words, or both acts and words, the grantor so assents to the possession of the deed, then, and not until then, is delivery of the deed complete. *Gatchell v. Gatchell,* 127 Me. 328, 330–31, 143 A. 169, 170 (1928).

■ Plaintiffs argue that the deed was placed in the hands of the grantee and that the express language of the deed, namely, the reference "Signed, Sealed and Delivered" is unambiguous and can neither be varied nor contradicted by parol evidence. Both the plaintiffs and the justice of the Superior Court fail to observe that the term "delivery" describes that point in time at which the parties manifest their intention to make the instrument an operative and effective integration of their agreement. The parties may always show by extrinsic evidence that they did not intend the writing to be a complete integration of their understanding. *See Connell v. Aetna Life and Casualty Co.,* 436 A.2d 408, 412 (Me. 1981); *The Burrowes Corporation v. Read,* 151 Me. 92, 95, 116 A.2d 127, 129 (1955); Restatement (Second) of Contracts §§ 210, 217 (1981). Section 217 of the Restatement (Second) of Contracts contains the following explanation of the operation of the rule in this situation:

> Where the parties to a written agreement agree orally that performance of the agreement is subject to the occurrence of a stated condition, the agreement is not integrated with respect to the oral condition.

The Superior Court justice below relied on two Maine cases, *Reed v. Reed,* 117 Me. 281, 104 A. 227 (1918) and *Hubbard v. Greeley,* 84 Me. 340, 24 A. 799 (1892) in reaching his decision. The *Reed* opinion contains language which at first blush appears to address the present factual context:

> Under these circumstances this case falls within the well settled doctrine that when a deed has been delivered by the grantor to the grantee with the intention that it shall take effect as his deed, it takes effect in exact accordance with the expressed terms of the deed, and it cannot be shown by parol [evidence] that it was to take effect only upon the perform-

ance of some condition or the happening of some event not expressed therein. *Reed,* 117 Me. at 286, 104 A. at 229. However, the court in *Reed* was presented with a case where the facts "completely established" that "the grantor ... surrendered all right of dominion" and took back a mortgage after allegedly delivering the deed. *Id.* Thus, the language quoted above referred only to cases where the deed had been delivered and subsequently conditioned. The *Reed* court was careful to point out the difference between its factual situation and the situation similar to that now before us on appeal:

> Some confusion seems to have arisen over the use of the term conditional delivery, and the distinction between a condition affecting the delivery of a deed and an attempted oral condition modifying the efficacy of a deed once delivered by the grantor to the grantee was overlooked. The former is recognized in the law, the latter is not and should not be recognized. This distinction follows from the indispensable element existing in every completed delivery, namely, the absolute relinquishment of the part of the grantor of all dominion and control over the instrument.

*Id.* at 285–86, 104 A. at 229.

The second case on which the Superior Court relied has no application to the present case. *Hubbard v. Greeley,* 84 Me. 340, 24 A. 799 (1892) involved the rights of a bona fide purchaser who took from a grantee named in a deed which was delivered as an escrow. The court held that "the plaintiff is estopped to deny that the deed was legally delivered," *Id.* at 346, 24 A. at 800, and did not rule on the admissibility of the parol evidence.

Finally, plaintiffs alternatively contend that the ruling should be upheld because the proffered testimony was hearsay within the definition of M.R.Evid. 801. This point is not well taken and overlooks the fact that the assertions are not being offered to prove the truth of the matter asserted and therefore are not hearsay.

An oral or written out-of-court assertion or conduct intended as assertion is defined as hearsay only if it is offered to prove the truth of the matter asserted. This reflects the universal rule. If the fact that the words were spoken is itself relevant, the credibility of the witness can be tested by cross-examination. Examples are words of offer and acceptance to prove the terms of an oral contract ....

Field & Murray, *Maine Evidence* § 801.3 at 190–91 (1976). In this case, the fact that the proffered words were spoken is relevant.

The entry must be:

Judgment in favor of plaintiffs vacated, remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.